## BRUCE ET AL. VS. ARRINGTON.

The service of a writ of summons by leaving a copy with the wife of the defendant, "over the age of 14 years," held to be defective.

*Error to Clark Circuit Court.*

Hon. LEN B. GREEN, Circuit Judge.

FLANAGIN, for the plaintiffs.

Mr. Chief Justice ENGLISH delivered the opinion of the court.

The sheriff returned upon the original writ, (which was a summons in debt,) that he executed it upon Bruce one of the plaintiffs in error, "by leaving a copy of the writ at his usual place of residence, with his wife, a white person, a member of his family, over the age of 14 years, and informing her of the contents thereof." The defendant in error took judgment by default.

The statute providing for a constructive service of writs of summons (*Gould's Dig.*, ch. 133, s. 14;) has received a strict construction in a series of decisions of this court, and to follow these decisions, we must hold that the return of service upon Bruce was defective in not stating that the person, with whom the copy of the writ was left, was over *fifteen* years of age. *Dawson et al. vs. State Bank*, 505; *Ringgold et al. vs. Randolph*, 4 *Ib*. 428; *Hudspeth vs. Gray et al*, 5 *Ib*. 157; *Cox et al. vs. Garvin. Ib*. 640; *Boyer vs. Robinson*, 1 *Eng*. 552; *Cross et al. Ex parte*, 2 *Ib*. 44.

It seems from these decisions that it is not to be presumed that a man's *wife* is over *fifteen* years of age, and perhaps this is

sound law, for by our statute, a female is capable of contracting marriage at fourteen—though it would seem but reasonable that a female who is sufficiently mature to enter into marriage at the age of *fourteen*, should have intelligence and prudence enough to pay proper attention to the copy of a writ left with her for her husband.

The judgment must be reversed, and the cause remanded for further proceedings, and Bruce must be considered as in court by reason of his prosecution of the writ of error.