————— ＋●o●＋ —————

MILES, Respondent, v. HANNIBAL & ST. JOSEPH RAILROAD COMPANY, Appellant.

1. In an action under the statute (R. C. 1855, p. 649, § 5) the petition should state explicitly on what ground the liability of the company is placed. It is not sufficient to charge negligence and wilfulness and also to allege that the road was not fenced and that there were no cattle-guards at the crossings, without stating where the accident occurred. Negligence and unskilfulness are not essential to a recovery, if the accident happened where there was no fence and where there was no crossing, or where the crossing was not protected by a cattle-guard.

*Appeal from Linn Circuit Court.*

*Slack,* for appellant.

I. The court below erred in overruling the demurrer to the plaintiff's petition. Said petition was not founded on the statute entitled " An act for the better security of life, property and character," approved the 12th December, 1855, and the petition does not aver negligence or unskilfulness on the part of defendant's officers, agents, or servants, in the running of defendant's locomotive or cars on said railroad.

And this court will certainly not permit the plaintiff to avail himself of the provisions of so rigid and extraordinary a statute, without evincing that intention by the form of his action.

II. The petition is bad because it does not aver that the animal was killed at a point or place on said road where the same was not enclosed by a lawful fence; nor does it aver that the animal was killed at a place other than in the crossing of some public county highway; nor does the testimony of the witnesses show that the killing was at any other place than where said road was enclosed by a lawful fence, or in the crossing of a public highway.

*Mullins*, for respondent.

I. The court committed no error in refusing to declare the law as asked by the defendant. Under the statute entitled "An act authorizing the formation of Railroad Associations," &c., (R. C. 1855, p. 437, § 52,) if cattle or other animals are killed on a railroad which is not fenced or which has not cattle-guards erected, the question of negligence or wilfulness does not arise. It is only necessary for the plaintiff to prove property in the stock killed, their value, and that the same were killed by defendant's locomotive or train. (5 Ind. 111; 14 Barb., N. Y. 364; 4 Rich., S. C., 329; Gorman et al. v. Pacific Railroad Co. 26 Mo. 452.)

II. Plaintiff's cattle were rightfully at large. The company not having fenced their road, took upon themselves the risk of cattle straying thereon, and are liable without regard to negligence. (3 Ohio, 172.)

NAPTON, Judge, delivered the opinion of the court.

The petition in this case is defective. It is impossible to conjecture on what ground the liability of the company is placed. Negligence and wilfulness are charged, and it is also alleged that the road was not fenced and that there were not cattle-guards at the crossings, but *where* the accident occurred is not stated. The evidence merely showed the

killing of a cow by the locomotive.  The instructions asked
by the defendant were not the law.  Negligence and unskil-
fulness on the part of the company's agents were not essen-
tial to a recovery if the accident happened where there was
no fence and where there was no crossing, or where the
crossing was not protected by a cattle-guard.  How this was
does not appear.

Judgment reversed and cause remanded; Judge Ewing
concurs.  Judge Scott absent.