CAIRO AND FULTON R. R. CO. VS. HECHT & STEPHENS.

CONSTITUTIONAL LAW : *Corporations, service of process on.*

The provisions of a charter of incorporation, regulating the manner of serving process on the corporation, relates alone to the remedy, and a subsequent general enactment, prescribing the manner of serving process in such cases, operates as a repeal of the charter provision.

ERROR to *Clayton* Circuit Court.

Hon. W. F. HENDERSON, Circuit Judge.

*Rose & Winfield,* for appellant.

*J. M. Moore, contra.*

HARRISON, J. This was an action brought in the circuit court of Clayton county, by Hecht & Stephens against the Cairo and Fulton Railroad Company, to recover damages for injuries done to the plaintiffs' oxen by the locomotive of the defendant, through the negligence of its servants and employés.

The summons was served in Clayton county, by copy left with the defendant's clerk, there being no chief officer of the company in the county.

The defendant failing to appear and answer, the plaintiffs' damages were assessed by a jury, and judgment taken by default against the defendant for the amount.

The defendant has brought the case here by writ of error, and seeks to reverse the judgment upon the ground that there was no valid service of process.

Section 4515, Gantt's Digest, provides that, " where the defendant is a corporation created by the laws of this state, the service of the summons may be upon the president, mayor, chairman of the board of trustees, or other chief officer; or if its chief officer is not found in the county, upon its cashier, treasurer, secretary, clerk, or managing agent."

The plaintiff in error was incorporated by a public act of the general assembly, entitled, " an act to incorporate the Cairo and Fulton Railroad Company," approved 12th January, 1853; and by section 13 thereof, all the rights and privileges, immunities and franchises contained in the charter of the Mississippi Valley Railroad Company, not restrictive or inconsistent with its other provisions, were extended to and conferred upon it.

The Mississippi Valley Railroad Company was incorporated the same session, also by a public act, entitled " an act to incorporate the Mississippi Valley Railroad Company," and the 24th section of it is as follows: " Process on said company shall be served on the president, by leaving a copy to his address, at the principal office of the corporation, in the hands of any of its officers. The said corporation shall have power to establish a principal office at such place as they may see fit, and the same to change at their pleasure."

The plaintiff in error insists that the foregoing provisions of

the charter of the Mississippi Valley Railroad Company were, by the said 13th section of its own charter, transferred to and incorporated therein, and contends that section 4515 of Gantt's Digest, which is a provision of the code of practice, subsequently enacted, and in accordance with which the service was made, is within the prohibition of the clause of the constitution of the United States, which declares no state shall pass any law impairing the obligation of contracts.

Admitting that the provisions of the 24th section of the charter of the Mississippi Valley Railroad Company were incorporated into the charter of the plaintiff in error by its 13th section, a question not necessary for us to determine, that in relation to the service of process was not the concession of a right which, as such, would be irrevocable by the legislature, nor indeed any concession at all; but a provision for the remedy of wrongs and injuries in cases where the company was a party, and it is now a well established doctrine that the legislature may change the remedy of one of the parties to a contract without in the least impairing its obligation. *Newton v. Tibbets*, 7 Ark., 150; *Woodfin v. Hooper*, 4 Humph., 13; *Stocking v. Hunt*, 3 Denio, 276; *James v. Steel*, 9 Barb., 483; *McLaren v. Pennington*, 1 Paige, 107; *Howard v. Kentucky Mutual Insurance Co.*, 13 B. Mon., 282; *Bank of Columbia v. Okely*, 4 Wheat., 235.

The supreme court of the United States, in the case of the *Bank of Columbia v. Okely*, held that the provision in the act by which the bank was incorporated, which gave a summary process for the recovery of notes indorsed to it that were made negotiable at it in their creation, was no part of its corporate franchise; but as the mere remedy and not the right, might be repealed or altered as the legislature might will. In their opinion in that case the court say: "In giving this opinion, we attach no importance to the idea of this being a chartered

right in the bank.    It is the remedy and not the right, and as such, we have no doubt of its being subject to the will of congress.    The forms of administering justice and the duties and powers of courts as incident to the exercise of a branch of sovereign power must ever be subject to legislative will, and the power over them is unalienable so as to bind subsequent legislation."

In the case of *Howard v. Kentucky and Louisville Insurance Co.*, the act creating the corporation required all suits by members of the company against it for losses by fire, to be brought in the circuit court of Jefferson county; but the code of practice of Kentucky, subsequently enacted, authorized suits against banks and insurance companies to be brought in the county in which there was a branch of the bank or agency of the company, when the same arose out of a transaction of such branch or agency, and the court held that the company did not acquire a right under its charter to be sued alone in the county of Jefferson that could not be divested by subsequent legislation.

There was due service of process, and the judgment must be affirmed.

N. B. This cause has been removed to the supreme court of the United States by writ of error.