————o————

WILLIAM HOEN, Respondent, *vs*. THE ATLANTIC & PACIFIC RAILROAD COMPANY, Appellant.

1. *Corporations—Service of process on—Absence of chief officer, recital as to.*— The return of service of process on a corporation under the statute (Wagn. Stat. 294, §§ 26, 27), made by leaving a copy at a business office of the company, with the person having charge thereof, in order to be valid must recite that the chief officer is absent from, or cannot be found in, the county, and not merely and generally that he is absent. The proper inference from the latter recital is that he was absent from his office.

*Appeal from Jackson County Special Law and Equity Court.*

*James Carr*, for Appellant, cited : Wagn. Stat. 294, §§ 26, 27 ; Hewitt vs. Wetherby, 57 Mo. 276 ; ·Waddingham vs. St. Louis, 14 Mo. 190 ; Smith, adm'r vs. Rawlings, 25 Mo. 410 ; Stuart vs. Stringer, 41 Mo. 404 ; Jordon vs. M., K. & T. Ry., 61 Mo. 52 ; Welton vs. Pac. R. R., 34 Mo. 358 ; Williams vs. Hingham etc.. Turnpike Co., 4 Pick. 341 ; Bartlett vs. Crozier, 17 John. 456 ; Galpin vs. Page, 18 Wal. 366 ; Blanton vs. Jamison, 3 Mo. 52.

*W. E. Sheffield*, for Respondent.

HENRY, Judge, delivered the opinion of the court.

This was a suit instituted in the Special Law and Equity Court for Jackson county by plaintiff against defendant, and the principal question is as to the sufficiency of the service of the summons.

The following is the sheriff's return :

" I, C. B. L. Booth, Sheriff of Jackson county, certify that I executed this command by leaving a copy of this summons, together with a copy of the petition thereto attached, at a business office of the within named defendant, with A. W. Dickinson the person having charge thereof, in the absence of the president or chief officer of the defendant.

Done in Jackson county Missouri, this 6th day of January, 1875."

Wagn. Stat. 294, § 26, provides that " when any summons shall be issued against any banking or other incorporated company, service on the president or other chief officer of such company, or in his absence by leaving a copy thereof at any business office of said company with the person having charge thereof, shall be deemed a sufficient service, and if the corporation have no business office in the county where suit is brought, or if no person shall have charge thereof, and the president or chief officer cannot be found in such county, a summons shall be issued and directed to the sheriff of any county in this State where the president or chief officer of such company may reside or be found, or where any office or place of business may be kept of such company, and the service thereof shall be the same as above."

Section 27 is as follows : " On the return of such summons served as aforesaid, the officer serving the same shall express in his return on whom, how and when the same had been executed, and if not on the chief officer, he shall express the absence of such officer, or that he cannot be found."

These two sections taken together make very clear the meaning of section 26. If the service be not on the chief officer, the officer in his return must state his absence or that he cannot be found. That he cannot be found where ? The county is the sheriff's bailiwick, and when a summons is delivered to him to be served, it is his duty to seek the party through his county, and then if he fail to find him, his return is that he could not find him in the county. But if he know that the president or chief officer of an incorporate company, against which he has a sum-

mons to serve, is absent from the county, the 28th section authorizes him to return that fact.

It is evident that the meaning of those sections is, that if the sheriff has reason to believe that the president or other chief officer of the defendant's corporation is within his county, he shall make the same effort to serve the summons upon him as in the case of a summons against an individual; but as it is common for corporations to do business in counties where the president or chief officer does not reside, the 27th section authorizes the officer, if he know that fact, to state the absence of the officer from the county as an excuse for resorting to the other mode of service provided by the 26th section. This view is strengthened by that portion of the 26th section which provides, that if the corporation have a business officer in the county, but no person can be found in charge thereof, and the president or other chief officer cannot be found in the county, a summons shall be issued directed to any county in the State, etc. The copy may be left with a person in charge of *any business office*, in the contingency mentioned, and this would authorize it to be left with a person in charge of a business office, other than that occupied by the president, as such, without any effort to serve the president at his office, if the absence spoken of in the statute be construed to be an absence from a business office of the company, and not an absence from the county.

In Dixon vs. The Hann. & St. Joe. R. R. Co., 31 Mo. 407, Judge Ewing in delivering the opinion of the court, speaking of, and construing, the 26th section said, "the absence of the chief officer spoken of is not a temporary absence from the office usually occupied by him, but an absence from the county." If the meaning of the section is as we have construed it, the sheriff, if that was the fact, should have stated in his return that the president or other chief officer could not be found in, or was absent from, the county. It states that he was absent, but whether from the county or the office it does not state. A fair construction of the language of the return is that the copy was left with the person in charge of the office, because the president or other chief officer was absent from the office.

The court erred in rendering a judgment by default, as the service was insufficient. And it follows, of course, that the final judgment was also erroneous, and must be reversed and the cause remanded.

All the other judges concur except Judges Hough and Norton not sitting.