## JOSEPH DUNLAP v. ANDREW McFARLAND, *Administrator, &c.*

1. FOREIGN ADMINISTRATOR; *Attachment.* A foreign administrator, with the will annexed, may sue out an order of attachment in the state of Kansas.

2. ORDER OF ATTACHMENT, *Valid.* Where a cause of action is founded upon a promissory note, executed by the defendant and another, and the note is joint and several in form as well as in law, and an order of attachment is issued in the case, but the affidavit for the order of attachment does not show that the note was executed by any person except the defendant, *held,* that this does not invalidate the order of attachment.

3. ———— Where two grounds for an order of attachment are stated in the affidavit for the attachment, and one of the grounds is sworn to positively, and that ground is sustained, it is immaterial whether the other ground is sworn to positively or not.

4. ACTION, *When Commenced; Attachment.* Where an action is commenced by the filing of a petition, a precipe and an affidavit for an order of attachment, and a summons and an order of attachment are issued on the same day, and the order of attachment is served by levying upon certain real estate, and the defendant is not found, and afterward the summons and order of attachment are returned, and the plaintiff then proceeds to obtain service of the summons by publication, and the first publication of the summons is made three days after the action was commenced, *held,* that for the purpose of the attachment the action is to be deemed to have been commenced at the time of the filing of the petition, the precipe and the affidavit for the order of attachment, and that the order of attachment will not be held to be invalid because issued before any action was commenced.

5. ———— Where a summons and an order of attachment are returned one day before the return day, *held,* that such return does not invalidate the service.

6. ———— Where a deputy sheriff serves an order of attachment, he may administer the oath to the appraisers of the property attached.

7. ORDER OF ATTACHMENT, *Service of; Presumption.* Where a sheriff serves an order of attachment by levying the same upon real estate, and then returns the same, and the return does not show whether the sheriff left with the occupant of the premises, or, if there was no occupant, then in some conspicuous place on the premises, a copy of the order of attachment, and afterward a motion is made by the defendant to set aside the service of the order of attachment, but this failure of

the return to specifically show what was done in this particular is not specifically pointed out in the motion, *held*, under such circumstances, it will be presumed that the sheriff did his duty.

8. ———— Evidence, including depositions, introduced on the trial in the trial court, can be preserved for the supreme court only by a case made for the supreme court, or by a bill of exceptions.

### *Error from Nemaha District Court.*

ACTION on a promissory note, brought by *McFarland*, as administrator (with the will annexed) of the estate of Joseph B. Smith, deceased. Judgment for the plaintiff, at the April Term, 1879, of the district court. The defendant brings the case here. The facts are stated in the opinion.

*Joseph Sharpe*, for plaintiff in error.

*Simon Conwell*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on a promissory note, brought by Andrew McFarland, administrator (with the will annexed) of the estate of Joseph B. Smith, deceased, against Joseph Dunlap. The action was commenced on April 16, 1878, by filing a petition, a precipe, and an affidavit for an attachment; and a summons and an order of attachment were issued on the same day. The summons and the order of attachment were made returnable on April 18, 1878. On April 16 the sheriff attached certain real estate belonging to the defendant, and on April 17 returned both the summons and the order of attachment. The defendant was a non-resident of the state, and the summons was not, and could not be, served upon him. On April 17, 1878, the plaintiff filed an affidavit for service by publication, and the first publication of the summons was made on April 19, 1878. Afterward the defendant moved to set aside the order of attachment, and the service thereof; but the court below overruled the motion. The defendant then appeared and answered, setting up several defenses. Afterward a trial was had, and judgment was rendered in favor of the plaintiff and against the defendant, for

the amount of the promissory note; and of this judgment the defendant now complains.

The defendant (plaintiff in error) urged many objections to the proceedings of the court below.

I. He claims that a foreign administrator, with the will annexed, cannot, under any circumstances, sue out an order of attachment in the state of Kansas. In this we think he is mistaken, and that the court below was correct. (*Cady v. Bard*, 21 Kas. 667; *Ravenscraft v. Pratt*, 22 Kas. 25; *Denny v. Faulkner*, 22 Kas. 96; Comp. Laws of 1879, p. 436, § 203.)

II. He further claims that the affidavit for the order of attachment was insufficient, first, because it did not show that another person, as well as Joseph Dunlap, executed the promissory note sued on; and second, because the matters and things set forth in the affidavit were not sworn to positively, but only upon the belief of the affiant. We think, however, that the affidavit was sufficient. The note was a joint and several note, in form as well as in law, and the other maker of the note was not made a party to this action; but the petition showed who the other maker of the note was. And everything that the law requires to be sworn to positively was sworn to positively, except that the defendant was about to dispose of his property with the intent to defraud his creditors. But this ground for the attachment was immaterial so far as this case is concerned, for the affiant stated in his affidavit, as another ground for the attachment, that the defendant was a non-resident of the state of Kansas; and this was sworn to positively. We think the affidavit was sufficient. But even if it was not sufficient in showing that there was another maker of the note as well as the defendant, still the plaintiff afterward amended it and made it sufficient, by making it clearly state and show that fact.

III. But it is further claimed by the defendant that the attachment was erroneously issued before any action was commenced, and he refers to §§ 190 and 20 of the civil code, in connection with the foregoing facts, to support his claim. Of course an attachment cannot rightfully be issued before the

action (of which it is only an incident) is commenced. But we do not think that the attachment in this case was issued before the action was commenced. The action was commenced when the petition and precipe were filed, and when the summons was issued. Section 20 of the civil code has application only to the statute of limitations; but even that section provides that "an attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of this article, when the party faithfully, properly and diligently endeavors to procure a service; but such attempt must be followed by the first publication or service of the summons within sixty days." We do not think that this claim of the defendant is tenable.

IV. The defendant also claims that the service of the summons and order of attachment were not good, because they were returned one day before the return day thereof. This point we think is not well taken. Besides, if it was, the defendant afterward made a voluntary appearance in the case.

V. The defendant also claims that the appraisers appointed to appraise the attached property were not sufficiently sworn, because they were sworn by the deputy sheriff instead of by the sheriff. Neither is this point well taken, for the deputy sheriff was the officer who served the papers, and the deputy sheriff in serving papers has the same power as the sheriff. (With reference to a deputy clerk administering an oath, see *Ferguson v. Smith*, 10 Kas. 397, 403, 404.)

VI. It is also claimed that the sheriff did not leave with the occupant of the premises, or if there was no occupant, then in some conspicuous place on the premises, a copy of the order of attachment. Now it is not shown that the sheriff failed in this particular; nor does it appear that the matter was called to the attention of the court below. The motion to set aside the service did not specifically point out this objection. Under such circumstances, it will be presumed that the sheriff did his duty. But even if he did not, still no harm was done, nor any loss suffered on account thereof, for the defendant seems to have known that his property was at-

tached, and must have known from the return of the sheriff precisely what property was attached.

VII. The defendant also claims that the court below erred in refusing to permit the defendant to file a supplemental answer. Now the record does not show that there was any such refusal. On the contrary, the record shows that the defendant asked leave of the court to file a supplemental answer, and the record also shows that he filed it. This supplemental answer probably states a defense; but the affidavit in support of the defendant's motion for leave to file the same did not state or show any defense; and the court below would not have erred if it had refused to permit the defendant to file the supplemental answer.

VIII. The defendant makes several other points in this court; but as they are all founded upon the evidence, or upon instructions which depended for their correctness upon the evidence, and as none of the evidence has been properly brought to this court, we cannot consider them. Several depositions have been brought to this court; but they are not contained in "a case made for the supreme court," nor in a bill of exceptions, and hence they do not constitute any part of the record; and none of the other evidence was preserved.

The judgment of the court below will be affirmed.

All the Justices concurring.