ALBERT R. BANNISTER, as *Administrator of the estate of Edward Bannister, deceased,* v. LEWIS CARROLL, JR.

NON-RESIDENT, *Action Against — Attachment, Error to Discharge.* When an action is commenced against a non-resident of this state, by filing a petition, bond for costs, an affidavit for the publication of a summons, a precipe for a summons by publication, and an affidavit for an order of attachment, and an order of attachment is issued and levied upon real property belonging to the non-resident defendant, and constructive service of a summons is commenced within a few days, by causing a publication to be made in the first issue of a newspaper after the petition was filed and order of attachment issued, it is error for the district court to discharge the attachment because an ordinary summons was not issued to the sheriff of the county in which the action was commenced.

*Error from Finney District Court.*

THE case is fully stated in the opinion.

*Brown, Bierer & Cotteral,* for plaintiff in error.

*A. J. Hoskinson,* and *Morgan, Lowrance & Mason,* for defendant in error.

Opinion by SIMPSON, C.: On the 15th of July, 1887, the plaintiff in error commenced this action in the district court of Finney county. He filed his petition, bond for costs, an affidavit for publication, a precipe for a summons by publication, and an affidavit for an order of attachment. The clerk of the district court issued an order of attachment, and it was levied on certain real estate situate in Finney county. A summons by publication was made, the affidavit of the printer showing that the notice first appeared in the issue of July 21, and the last in the issue of August 11, 1887. On the 16th day of January, 1888, the attorneys of the defendant in error entered a special appearance, and filed a motion to discharge the attachment issued in the case, for the specific reason that it was issued before said action was commenced, that no summons has ever been issued in this action, and the court has not acquired jurisdiction over the person of the defendant, and cannot render a judgment against the property of the defendant under said order of attachment. This motion was sustained; and to reverse this order the plaintiff brings the case here.

The pith and marrow of the contention here, and in the court below, that procured the order discharging the attachment, is this: It is said that an attachment cannot rightfully issue before the action (of which it is only an incident) is commenced, and that the only mode known to our code of civil procedure, by which an action is commenced, is by filing a petition and causing a summons to issue thereon. It is not contended that the summons must have been served or returned, but only that it shall have been issued. This con-

tention is evolved by a very strict construction of § 57 of the code, and the case of *Dunlap v. McFarland*, 25 Kas. 488, in which it is said that the action was "commenced when the petition and precipe were filed, and when the summons was issued." This case is like *Dunlap v. McFarland*, with the single exception that no summons to be served by the sheriff was issued. The exact question therefore is: In a case brought against a non-resident, wherein at the time the petition is filed, an affidavit for publication is also filed, is it necessary that an ordinary summons, such as is served personally on defendant, be issued? Two distinct modes of service by summons are provided for in the code of civil procedure: one by personal service, the other by publication in cases wherein it is made to appear to the court that the defendant is a non-resident, and that personal service cannot be made within the state. The ordinary publication notice in a newspaper printed in the county in which the petition is filed, is a constructive service of a summons. The affidavit for such a service informs the court that a personal service of the summons cannot be made within the state. When a petition is filed an action is pending, if the summons be personally served, or the first publication, made within sixty days. These various provisions must all be construed together, to arrive at the legislative intent. The law does not require useless or unnecessary proceedings. The only effect of a summons in cases of this character would be to put upon the record, by the return of the sheriff, the fact that the defendant was not found in the county in which the writ issued, and this would not meet the requirements of § 73 of the code. That section requires that there must be a showing that the defendant cannot be served with a summons within this state. The sheriff can only serve in his own county. It seems therefore that the issue of a summons to a sheriff of a county, in cases brought against non-residents of the state, is not only not necessary, but practically useless. This leads to the conclusion that the strict construction of § 57 of the code, urged by counsel for the defendant in error, is not the true one; that the requirement of that section

is as well met by a service of summons by publication in a newspaper, as by one directed to the sheriff of the county in which the petition is filed. The language of the section is: "A civil action may be commenced in a court of record, by filing in the office of the clerk of the proper court a petition, and causing a summons to be issued thereon;" and when at the time of the filing of a petition, an affidavit for the constructive service by publication of a summons is filed, and publication follows in due time, this is "causing a summons to issue thereon" just as effectual for its purpose as the other mode of service.

It will be observed that there are different provisions of the code prescribing the time at which an action is to be deemed commenced. Section 81 provides that for the purpose of *lis pendens*, the action is pending the moment the petition is filed, if a summons be served or the first publication made within sixty days after the filing of the petition; the service of the summons or the first publication, relating back to the filing of the petition. Article 3 of the code treats of the time within which civil actions are to be commenced to avoid the bar of the statute of limitations; and § 20 of that article provides, that within the meaning of this article, an action shall be deemed commenced at the date of the summons that is personally served or the date of the first publication, if a summons is served or a first publication made within sixty days. If the construction contended for be applied to this section of the code, it is impossible to have an order of attachment against a non-resident defendant, for as to him the action shall be deemed to be commenced at the date of the first publication, and yet that publication must notify him that his real estate has been attached in the action. (Code of Civil Procedure, § 74; *Cohen v. Trowbridge,* 6 Kas. 385.) It is of the essence of things that an attachment which is an incident of a lawsuit, cannot be had until the suit is commenced. Under this provision, in regard to the time within which an action must be commenced in order to avoid the bar of the statute of limitations, the action is not deemed com-

menced against a non-resident defendant until the date of the first publication, providing that is made within sixty days from the filing of the petition. This first publication must notify the non-resident defendant that his real property has been attached. This construction involves an absurd impossibility, and demonstrates beyond doubt that § 20, article 3, has no application except to fix an arbitrary time at which the statutes of limitation cease to run against the claim or demand of the petition. Article 6 of the code treats of the commencement of a civil action, and prescribes what acts are necessary on the part of the plaintiff, and what duties are to be discharged by the ministerial officers of the court in order to institute an action. Sections 57 and 81 of this article are the only two sections of the code of civil procedure that have a direct bearing on this question, and we have given our construction of these in the first part of this opinion. Section 190 of the code provides that the plaintiff in a civil action for the recovery of money may, at or after the commencement thereof, have an attachment against the property of the defendant. If our construction of the other sections is correct, this means that the plaintiff, at the time he files his petition, can have an attachment. In *Dunlap v. McFarland*, an order of attachment was issued at the same time that the summons was issued, both writs issuing at the time the petition was filed. On the same day that the order of attachment was issued, it was levied on certain real estate belonging to the defendant. On the next day both the order of attachment and the summons were returned. The return of the summons was that the defendant was not found. On the same day of the return of these writs, an affidavit for service by publication was filed, and the first publication was made on the third day after the petition was filed. On this state of facts, Mr. Justice VALENTINE, the other justices concurring, says, (we quote from the syllabus of the case:)

"That for the purpose of the attachment the action is to be deemed to have been commenced at the time of the filing of the petition, the precipe and the affidavit for the order of

attachment, and that the order of attachment will not be held to be invalid because issued before any action was commenced."

It is also expressly said in the body of the opinion "that § 20 of the civil code has application only to the statute of limitations," but even that section provides that—

"An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of this article, when the party faithfully, properly and diligently endeavors to procure a service, but such attempt must be followed by the first publication or service of the summons within sixty days."

One of the causes for an attachment as stated in § 190 of the code is, that the defendant is a non-resident of the state, and provision is made for the constructive service of a summons on the non-resident. It is also provided that when any one of the numerous causes for attachment exists at the time of the commencement of the action, an order of attachment can be had. Now in view of these various provisions, it would be an absolute absurdity to hold that before an attachment can issue against an absent defendant, on the ground that he is a non-resident of the state, an effort must be made by the sheriff of the county in which the order of attachment is issued, to personally serve a summons upon such non-resident. In view of all these complications and absurdities, we think the proper construction to be given to § 57 of the code is, that when a petition is filed and a summons served, or the first publication is made within sixty days, such service or first publication relates back to the time of the filing of the petition and precipe and other necessary papers, and by such relation the suit is to be deemed to have been commenced at the date of their filing.

" When we consider that the chief utility of an attachment consists in the writ being served in time to prevent a delinquent debtor from placing his property beyond the reach of his creditor, it would be unfortunate indeed if the writ would not issue until the debtor should have notice of the proceedings by the service of a summons." (*Raynolds v. Fay*, 12 Col. 108, 20 Pac. Rep. 4; *Schuster v. Rader*, Col., 22 id. 505.)

The court below erred in discharging the attachment, for the reasons assigned in the motion, and we recommend that

**Attachment, error in discharging.**

the order be reversed and the cause remanded, with instructions to the court below to overrule the motion to discharge the attachment.    We will not consider other questions, as they do not arise in the motion to discharge the attachment.

By the Court: It is so ordered.

All the Justices concurring.