R. W. WESTER v. W. E. LONG, *as Sheriff, etc., et al.*
No. 12,541.    ( 66 Pac. 1032.)

1. LIMITATION OF ACTION.—*Statute Construed.* Section 20 of the code of civil procedure, relating to attempts to commence actions, applies only to the statute of limitations.
2. LANDLORD AND TENANT—*Lien for Rent—Pleading.* Where crops grown and remaining on leased land are attached for unpaid rent, and replevied by one claiming by purchase from the tenant, the unpaid rent is a prior lien, and proof that the attachment is based on an action for such unpaid rent may be made under a general denial.

Error from Reno district court; M. P. SIMPSON, judge. Opinion filed December 7, 1901. Division two. Affirmed.

*W. T. Fairchild,* and *F. W. Casner,* for plaintiff in error.

*Prigg & Williams,* for defendants in error.

*Per Curiam:* This was an action in replevin. The defendant in error Mrs. Mary M. Giller, the owner of a quarter-section of land, rented it to one Tom Agnew from March, 1898, to March, 1899. The rent being unpaid on February 1, 1899, Mrs. Giller commenced her action against Agnew, and caused to be attached about 700 bushels of corn, grown and remaining on the rented premises. On the 20th day of February, the plaintiff in error, R. W. Wester, claiming all the personal property of Agnew so attached by purchase from Agnew prior to the attachment, commenced this action in replevin against the sheriff, who was holding the property under the writ of attachment, and obtained possession of it. Agnew left the country before service of summons made on him, and no attempt to procure constructive service

was made for more than sixty days after the commencement of the action.  At the trial, Mrs. Giller, plaintiff in the attachment case, was substituted for the sheriff as defendant.  The trial resulted in a verdict and judgment for defendant for the return of the corn, or its value, $160, the remainder of the attached property being awarded plaintiff, and the latter brings error.

The contention made by counsel for plaintiff in error is that as no personal service was had on Agnew, the defendant in the attachment case, and as service by publication was not attempted for more than sixty days after the date of the filing of the petition in the attachment case, neither the sheriff nor Mrs. Giller, the substituted defendant, could justify the possession of the property held by the sheriff at the commencement of the action under the attachment proceedings.  With this contention we do not agree.  An action is commenced by the filing of the petition in the office of the clerk of the court and causing summons to be issued thereon.  (Civil Code, § 57, Gen. Stat. 1901, § 4487.)  This was done.  A writ of attachment was issued and levied.  At the expiration of twenty days, while the action was pending and the property was rightfully in the hands of the sheriff by virtue of the levy under the writ of attachment, the plaintiff caused the property to be seized and taken from the sheriff's possession in this replevin action.  Section 20 of the civil code (Gen. Stat. 1901, § 4448 ), relating to attempts to commence actions, has application only to the statute of limitations.  (*Dunlap v. McFarland, Adm'r*, 25 Kan. 488.)

Again, the corn in controversy, when attached and when replevied in this action, was located upon the land rented by Agnew from Mrs. Giller.  The unpaid

rent was a lien on this corn raised and remaining upon the rented land, independent of the attachment proceedings.    (*Scully v. Porter*, 57 Kan. 322, 46 Pac. 313.)

The answer was a general denial.    Under this the sheriff, or Mrs. Giller, might make any proof tending to show that at the date of the commencement of the action the property was not wrongfully detained from the plaintiff, and, therefore, might show the possession taken in enforcing this lien. · Upon this theory the case was tried in the court below.    The defendant might also have judgment for the return of any property the possession of which was rightfully held as against the plaintiff, and of which she was deprived by virtue of the enforcement of the writ of replevin.

It follows that the judgment must be affirmed.

CUNNINGHAM, GREENE, POLLOCK, JJ.