RAVIA GRANITE BALLAST CO. v. WILSON.

No. 76.   Opinion Filed November 23, 1908.

(98 Pac. 949.)

**CORPORATIONS—Service of Summons—Judgment.** Under the laws of Arkansas (Mansf. Dig. sec. 4979 [Ind. Ann. St. 1899, sec. 3184]) in force in the Indian Territory prior to statehood, a judgment by default against a domestic corporation as garnishee, based upon a summons, the return of which states that it was served upon "N. H. Ricker, General Manager," without showing that its president, mayor, or chairman of the board of trustees was absent from the county, is void.

(Syllabus by the Court.)

*Error from District Court, Johnson County; A. T. West, Judge.*

Action by Jake Wilson against H. C. Romines; the Ravia Granite Ballast Company, garnishee. Judgment for plaintiff, and the garnishee brings error. Reversed.

*S. T. Bledsoe,* for plaintiff in error.

*Cornelius Hardy,* for defendant in error.

KANE, J. The question to be decided in this case grew out of an action commenced by the defendant in error, Jake Wilson, against H. C. Romines. The action was brought originally in the United States Court for the Southern District of the Indian Territory, sitting at Tishomingo. The Ravia Granite Ballast Company, plaintiff in error, a corporation duly incorporated under the laws of the United States in force in the Indian Territory, was made party defendant, and designated in the complaint as garnishee.

Vol. 22—44

The allegations of the complaint, so far as the plaintiff in error herein is concerned, were as follows: For further cause of action, the plaintiff states that he has reason to believe, and does believe, that the garnishee herein, the Ravia Granite Ballast Company, is indebted to the defendant, H. C. Romines, or has in its hands or possession goods and chattels, moneys, credits, and effects belonging to said defendant. The prayer was as follows:

"Wherefore, the premises considered, the plaintiff prays that an attachment and summons issue against the defendant, H. C. Romines; that a writ of garnishment before judgment issue, citing the said garnishee to appear and answer herein; and that on final hearing the plaintiff have judgment sustaining said attachment, and for judgment for debt against said defendant in the said sum of $1,507.47, together with all costs, and an order directing the garnishee herein to pay into court any sums of money owing to the defendant or judgment against said garnishee for whatever amount it owes the defendant, and for such other and further relief as the plaintiff may be entitled."

Upon this showing a garnishment summons was issued against the plaintiff in error. The return of the officer who served the same was in words and figures as follows: "Received this garnishment on the 4th day of May, 1907, at Tishomingo, and served same by copy personally on N. H. Ricker, general manager of Ravia Granite Ballast Co., 2 miles west of Ravia, May 4, 1907." Neither the defendant nor the garnishee entered any appearance in the cause, and on the 12th day of December, 1907, the court rendered judgment by default against H. C. Romines in the sum of $1,507.47, and likewise judgment by default against the Ravia Granite Ballast Company as garnishee in the same amount. From the judgment against the garnishee the plaintiff in error brought the case to this court by petition in error.

A great many errors are assigned, but the only one we deem it necessary to notice is the fifth:

"The trial court erred in holding that the return of the writ in said action showed such service upon your petitioner as would justify a judgment against it by default."

We believe this objection is well taken, and that it was error for the court below to render judgment by default against the garnishee. It was alleged in the plaintiff's complaint that the plaintiff in error was a corporation duly incorporated under the laws of the United States in force in the Indian Territory. Service upon it should have been made in compliance with section 4979 of Mansfield's Digest of the Statutes of Arkansas (Ind. T. Ann. St. 1899, § 3184), which were in force in the Indian Territory at the time the garnishment summons was issued and served. Section 4979 (§ 3184) provides that:

"Where the defendant is a corporation, created by the laws of this state, the service of the summons may be upon the president, mayor or chairman of the board of trustees, and, in case of the absence of the above officers, then it may be served upon the cashier, treasurer, secretary, clerk or agent of such corporation."

It will be noted that the statute requires service to be made in the first instance upon the president, mayor, or chairman of the board of trustees, and it is only in the absence of the above officers that service may be had upon any other agent of the corporation. In order to make a valid service upon a corporation by serving any other person than its president, mayor, or chairman of the board of trustees, it was necessary that the officer's return should show the absence of these officers. A similar statute had a uniform construction placed upon it by numerous decisions of the Supreme Court of the state of Arkansas prior to its adoption in the Indian Territory by act of Congress. In the case of *Cairo & Fulton Railroad Company v. Trout*, 32 Ark. 17, Mr. Chief Justice English, who wrote the opinion, says:

"The general statute provides that: 'Where the defendant is a corporation, created by the laws of this state, the service of the summons may be upon the president, chairman of the board of trustees, or other chief officer; or if its chief officer is not found in the county, upon its cashier, treasurer, secretary, clerk, or managing agent,' etc. * * * If the chief officer of the corporation was not to be found in the county of Saline, the sheriff should have stated that fact in his return, and shown a service upon some

person who was its cashier, treasurer, secretary, clerk, or managing agent, naming the person and his office. *Cairo & Fulton Railroad Co. v. Hecht & Stevens,* 29 Ark. 661; *Odd Fellows' Building Association v. Hogan,* 28 Ark. 261; *Aikin v. Gold Mining Co.,* 6 Cal. 186; *Bruce et al. v. Arrington,* 22 Ark. 362, and cases cited."

The same question was before the Supreme Court of Arkansas again in *Arkansas Coal, Gas, Fire, Clay & Manufacturing Co. v. Haley,* 62 Ark. 144, 34 S. W. 545, wherein Haley sued the Arkansas Coal, etc., Company, a domestic corporation in the state of Arkansas. Summons was issued and served on an agent of the Arkansas Coal, etc., Company. Defendant appeared specially for the purpose of moving to quash the service of summons. The motion was denied, and the defendant appealed. Mr. Justice Battle, who wrote the opinion of the court, says:

"The return upon the summons issued by the clerk in this action does not show a legal service upon appellant, because it fails to state that its president or other chief officer was not to be found in the county of Ouachita. * * * The judgment of the circuit court is reversed, and the cause is remanded for further proceedings."

The case at bar, so far as it affects the plaintiff in error, falls within the rule laid down in the foregoing cases.

The judgment of the court below must be reversed.

All the Justices concur.