CUNNINGHAM COMMISSION CO. v. RORER MILL & ELEVATOR CO.

No. 910. Opinion Filed November 9, 1909.

(105 Pac. 676.)

**CORPORATIONS—Actions—Process — Summons — Error — Service on Secretary.** Section 70, art. 6, c. 66, par. 4268, Wilson's Rev. & Ann. St. 1903, provides, in substance. that service of a summons against a corporation may be made upon its secretary only in the event its president. etc., or other chief officer is not found in the county. A summons in error was served upon the secretary of a corporation defendant in error without a showing that the president, etc., or other chief officer was not to be found in the county, and when the president was in fact within the county. **Held,** a motion to quash the service of summons in error should be sustained.

(Syllabus by the Court.)

*Error from District Court, Pottawatomie County; A. H. Huston, Judge.*

Action between the Cunningham Commission Company and the Rorer Mill & Elevator Company. From a judgment for the latter, the former brings error. On motion to dismiss. Granted.

*Biggers & Lydick,* for plaintiff in error.

*B. B. Blakeney,* for defendant in error.

DUNN, J. The motion for new trial in the above-entitled cause was overruled and judgment entered on the verdict on June 17, 1908. June 16, 1909, the petition in error and case-made were filed in this court along with a præcipe for summons. Summons was issued and served upon the secretary of the Rorer Mill & Elevator Company, a corporation, which appears as defendant in error herein. September 16, 1909, counsel for defendant in error entered their special appearance and filed a motion to set aside the service and quash the summons issued, for the reason that C. L. Rorer, on whom the same was served, was the secretary of the corporation defendant in error; and not the president, chairman of the board of directors, trustee, or other chief officer, and

that John Rorer was the president of the said defendant corporation, and was in the city of Shawnee, and could have been found therein, and was the chief officer of the said Rorer Mill & Elevator Company. This motion is supported by the affidavits of both C. L. Rorer and John Rorer, setting out the above facts, and that said John Rorer was openly and notoriously, continuously for 20 days from and after the 11th day of June, 1909, within the city of Shawnee, and that on the day of the attempted service of summons in this case he met the sheriff of the county and conversed with him concerning the service of said summons. These affidavits, duly served, are not denied and stand uncontroverted.

Section 70, art. 6, c. 66, par. 4268, Wilson's Rev. & Ann. St. 1903, provides as follows:

"A summons against a corporation may be served upon the president, mayor, chairman of the board of directors, or trustees, or other chief officer; or, if its chief officer is not found in the county, upon its cashier, treasurer, secretary, clerk or managing agent; or, if none of the aforesaid officers can be found, by a copy left at the office or usual place of business of such corporation, with the person having charge thereof."

From the statement of facts herein, it will be seen that C. L. Rorer, the party upon whom the service was made, is the secretary of the defendant in error corporation, upon whom service could not be made except the president or other chief officer was not found in the county. In view of the showing made, the president having been within the county, and this fact having been known to the sheriff at the time of the attempted service, he only was the proper person to serve in order to vest jurisdiction over the corporation in this court. *Ravia Granite Ballast Co. v. Wilson*, 22 Okla. 689, 98 Pac. 949.

The motion of counsel for defendant in error is, accordingly, sustained, and the service of the summons issued on June 16, 1909, is quashed.

All the Justices concur.

Opinion Filed November 30, 1909.

PER CURIAM. After counsel for defendant in error entered their special appearance and filed their motion to set aside the service and quash the original summons issued in the foregoing case, counsel for plaintiff in error, on the 23d day of September, 1909, and more than sixty days subsequent to the time when under the law and the facts any summons could properly issue and service be made, had an alias summons in error issued and served. November 16, 1909, and after the delivery of the foregoing opinion, counsel for defendant in error filed their motion to dismiss the appeal, which, by reason of the foregoing facts, is sustained, and the case is accordingly dismissed.