## MERCHANTS TRANSFER & WAREHOUSE CO. v. RAGAN.
## RAGAN v. MERCHANTS TRANSFER & WAREHOUSE CO., Inc.

### Nos. 3657, 3658.

United States Court of Appeals
Tenth Circuit.

Nov. 9, 1948.

Rehearing Denied Dec. 17, 1948.

Douglas Hudson, of Fort Scott, Kan. (Howard Hudson and Douglas G. Hudson, both of Fort Scott, Kan., on the brief), for Merchants' Transfer & Warehouse Co., Inc.

Cornelius Roach, of Kansas City, Mo. (Daniel L. Brenner and Wilfred Wimmell, both of Kansas City, Mo., and A. J. Herrod, of Kansas City, Kan., on the brief), for Julius Ranny Ragan.

Before PHILLIPS, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

In Number 3658, Julius Ranny Ragan, plaintiff below, has appealed from an order of the trial court quashing the original service of summons, and in Number 3657, the defendant, the Merchants Transfer and Warehouse Company, has appealed from the order of the trial court denying its motion for summary judgment. The parties will be referred to respectively as "Ragan" and "the company".

The essential facts, briefly stated, are these. Ragan instituted an action for damages against the company in the District Court of the United States for the District of Kansas. The automobile collision on which the action was predicated occurred October 1, 1943. Ragan's complaint was

filed September 7, 1945. A summons was issued September 7, 1945, and was served by a Deputy United States Marshal on September 22, 1945. The Marshal's return of the service of summons is as follows:

"I hereby certify and return, that on the 22nd day of Sept., 1945, I received the within summons at Wichita, Kansas and served The Merchants Transfer and Warehouse Company by delivering a true copy thereof to Clarence M. Trent personally.

"Served Clarence M. Trent personally at Pittsburg, Kansas on Sept. 22, 1945.

"At the same time and in like manner I served each of the within named with a copy of of the Petition for Damages filed in this case.

"W. M. Lindsay,
"United States Marshal.
"By Repps H. Campbell,
"Deputy U. S. Marshal.
"Filed September 27, 1945."

A motion to quash this service of summons was filed by the company on October 12, 1945. While this motion was pending and on December 28, 1945, an alias summons was issued. On December 28, 1945, the same Deputy United States Marshal made the following return of service of this summons:

"I hereby certify and return, that on the 28th day of Dec., 1945, I received the within summons at Ft. Scott, Kansas and served The Merchants Transfer and Warehouse Company, Inc. a Corporation by delivering a true copy thereof to Mrs. G. L. Sterling personally, she being the Secretary and Treasurer of the Merchants Transfer Company, Inc. a Corporation at the hour of 5:45 P. M. at 503 South Broadway Street at Pittsburg, Kansas on December 28, 1945.

"At the same time and in like manner I served the within named with a copy of the complaint filed in this case.

"W. M. Lindsay,
"United States Marshal.
"By Repps H. Campbell,
"Deputy U. S. Marshal.
"Filed January 7, 1946."

A motion was filed by the company to quash the service of this alias summons. The two motions were heard and disposed of at the same time. At the hearing, the trial court permitted an amendment to the Marshal's return of service of the original summons to the effect that at the time of the service of the original summons, as set out in the return, the Deputy Marshal inquired of Trent concerning the officers of the corporation; that Trent replied they were a couple of aged women whose addresses he was not able to give; that the Deputy Marshal did not know the address of Mrs. G. L. Sterling at that time, and that thereupon the Deputy Marshal left the summons with Trent for the company. After permitting this amendment, the trial court sustained the motion to quash the service of the original summons and overruled the like motion addressed to the alias summons. Thereafter the company filed a motion for summary judgment on the ground that the cause of action, if any, was barred by the applicable statute of limitations. This motion was overruled. Thereafter the cause was tried to a jury resulting in a verdict for Ragan. A motion for a new trial was overruled and judgment was entered on the verdict. This appeal followed.

In view of the conclusions we have reached on the two questions outlined above, other issues which are raised by the appeal become immaterial and further reference to such issues or the evidence relating thereto will be omitted from the opinion.

### Number 3658

As outlined above, the only question presented by this appeal is whether the trial court erred in quashing the service of the original summons. The Kansas Statute, Sec. 60-2518, 1943 Supplement to the General Statutes of Kansas, 1935, relating to service of corporations, provides as follows:

"A summons against a corporation may be served upon the president, resident agent, mayor, chairman of the board of directors, or trustees, or other chief officer; or, if its chief officer is not found in the county, upon its cashier, treasurer, secretary, clerk or managing agent; or if none of the aforesaid officers can be found by a copy left at the office or usual place of

business of such corporation, with the person having charge thereof, or by the delivery of a copy at the registered office of the corporation, or to the registered agent of the corporation."

Trent was not an officer of the corporation and was not its registered agent. For the purpose of this opinion, it will be assumed that 1201 North Broadway, Pittsburg, Kansas, where this service was made, was the resident office of the company.

█ It will be observed that the statute sets out in sequence those upon whom service shall be made. It is only if none of those can be found that a copy may be left at the registered office. It is incumbent upon the officer making service to exercise diligence in seeking to ascertain whether those upon whom service must first be made can be found before he serves those subsequent in the order of service.

Ohio has a statute relating to service on corporations, which, so far as necessary to the question under consideration, is not materially different from the Kansas Statute. This statute is set out in Sunday Creek Coal Co. v. West, 192 N.E. 284, 286. Concerning the requirements to constitute valid service under the third provision thereof,[1] the court said:

"Before a sheriff may resort to the manner of service provided in the third provision of this statute he should make reasonable effort to ascertain if an officer 'can be found' in the county upon whom service may be made."

In the early case of Palmetto Town Company v. Rucker, 1 Kan. 561, the Kansas Supreme Court clearly indicates that service must be made in the order of se-

quence set out in the statute. The court said:

"It is contended that the return of the officer who served the summons should have shown that the president, or other chief officer, could not be found in the county, to render the service, as made on the secretary, legal. This position of practice we consider is the proper one, and should be observed, in order to a full compliance with the statute. In the absence of the president, or other chief officer, a service on the secretary would be, in law, good."

In the syllabus of the case, the court states:

"When a summons is served on the secretary of a corporation, the return should state that the president or other chief officer was absent from the county, or could not be found."

While the Palmetto case does not in so many words say that the officer making service must exercise due diligence in ascertaining whether those who must first be served can be found before service is made upon those subsequently named in the statute, the language of the court that the return must state that such persons "could not be found" implies the exercise of due diligence in ascertaining that fact before substitute service is made.[2]

█ The return of the Deputy Marshal, as amended by the findings of the trial court, merely shows that none of the officers of the company were at this resident address; that the serving officer inquired of Trent about the officers of the corporation and was informed that they were a couple of aged women whose address Trent

---

[1] The 3rd provision provides:
" * * * or, if none of such officers can be found, by a copy left at the office or usual place of business of the corporation with the person having charge thereof." Gen.Code Ohio, § 11288.

[2] Under similar statutes, it has generally been held that the return must show diligence in serving those first required to be served. Hoen v. Atlantic & Pacific Railroad Co., 64 Mo. 561; Dixon v. Hannibal & St. Joe R. R. Co., 31 Mo. 409; Cunningham Commission Co. v. Rorer Mill & Elevator Co., 25 Okl. 133, 105 P. 676; Empire Refineries v. Atchison T. & S. F., 91 Okl. 171, 217 P. 160; Collins v. American Spirit Mfg. Co., 7 Cir., 96 F. 133; Shawnee Gas & Electric Co. v. Griffith, 96 Okl. 261, 222 P. 235; Boston Acme Mines Development Co. v. Clawson, 66 Utah 103, 240 P. 165; St. Louis & S. F. R. Co. v. Reed, 59 Okl. 95, 158 P. 399; Tioga Coal Corp. v. Silman, 125 W.Va. 58, 22 S.E. 2d 873; Cherry Lake Farms v. Love, 129 Fla. 469, 176 So. 486, 487.

Remark: The Oklahoma Statute, 12 O.S.1941 § 163, for service upon a corporation is very similar to the Kansas Statute.

was not able to give. The return does not state that the officers could not be found or that any effort was made to find them, other than the inquiry about the officers' address to Trent. The conclusion is inescapable that there was a lack of due diligence in seeking to ascertain whether those upon whom service must be made, could be found, before service was attempted by leaving a copy of the summons at the residence office.

## Number 3657

The only question in this appeal is whether the action was barred by the applicable Kansas statute of limitations. Under Section 60-306, Gen. Statutes for Kansas, 1935, an action such as this must be brought within two years after it has accrued.

Section 60-301, Gen. Statutes for Kansas, 1935, provides that:

"A civil action may be commenced in a court of record by filing in the office of the clerk of the proper court a petition and causing a summons to be issued thereon."

Rule 3, Federal Rules of Civil Procedure, 28 U.S.C.A., provides:

"A civil action is commenced by filing a complaint with the court."

Rule 4, Federal Rules of Civil Procedure, provides:

"(a) Summons: Issuance. Upon the filing of a complaint the clerk shall forthwith issue a summons and deliver it for service to the marshal or to a person specially appointed to serve it. Upon request of the plaintiff separate or additional summons shall issue against any defendants."

■ It is quite well settled that the manner and method to be followed in commencing actions is procedural and is controlled by the laws of the forum in which the action is filed.[3]

■ But in any event, the filing of the complaint on September 4, 1945, and the issuance of the summons and placing it in the hands of the officer for service on the same day, constituted full compliance with the procedural steps of both the state and federal law for the commencement of the action. But whether compliance with the procedural steps for the commencement of an action is sufficient to toll the statute of limitations presents an entirely different question. While there has been much debate and much disagreement among law writers as to whether statutes of limitation are procedural or substantive, the policy of the federal law as laid down in Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079, 160 A.L.R. 1231, is that the outcome of litigation in diversity cases in the federal courts should be substantially the same as if the case had been filed in the state court. Thus, the court says:

"The nub of the policy that underlies Erie R. Co. v. Tompkins [304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487] is that for the same transaction the accident of a suit by a non-resident litigant in a federal court instead of in a State court a block away, should not lead to a substantially different result."
and again,

"Plainly enough, a statute that would completely bar recovery in a suit if brought in a State court bears on a State-created right vitally and not merely formally or negligibly. As to consequences that so intimately affect recovery or non-recovery a federal court in a diversity case should follow State law."

and finally, the court said:

"Certainly, the fortuitous circumstance of residence out of a State of one of the parties to a litigation ought not to give rise to a discrimination against others equally concerned but locally resident. The source of substantive rights enforced by a federal court under diversity jurisdiction, it cannot be said too often, is the law of the States. Whenever that law is authoritatively declared by a State, whether its voice be the legislature or its highest court, such law ought to govern in litigation founded on that law, whether the forum of application is a State or a federal court.

[3] Isaacs v. Jeffers, 10 Cir., 144 F.2d 26, and cases cited therein; Bomar v. Keyes, 2 Cir., 162 F.2d 136; Robinson v. Waterman S. S. Co., D.C., 7 F.R.D. 51.

992

and whether the remedies be sought at law or may be had in equity."

When we look to the State law it becomes obvious that this action could not have been maintained in the State court. In fact in a pre-trial conference, Ragan's attorney stated that:

"I concede—freely concede that if this case was pending in the State Court, if it had been commenced in the State Court and pending in the State Court then the cause of action would have been barred * * *"

■ The law of Kansas as to the necessary steps that will toll the running of the statute of limitations is materially different from that of a majority of the states. Section 60-308, Gen. Statutes for Kansas, 1935, provides:

"An action shall be deemed commenced within the meaning of this article, as to each defendant, at the date of the summons which is served on him, or on a codefendant who is a joint contractor, or otherwise united in . interest with him. Where service by publication is proper, the action shall be deemed commenced at the date of the first publication. An attempt to commence an action shall be deemed equivalent to the commencement thereof within the meaning of this article when the party faithfully, properly and diligently endeavors to procure a service; but such attempt must be followed by the first publication or service of the summons within sixty days."

Kansas has consistently held, beginning with the early case of Dunlap v. McFarland, 25 Kan. 488, that Section 60-308 above has application only to the statute of limitations.[4]

The meaning of Section 60-308 is as though it read substantially as follows:

"An action for the purpose of tolling the statute of limitations shall be deemed commenced as to each defendant as of the date on which the summons is served on him * * *"

This is the construction placed on this section by the Kansas Supreme Court. In Green v. McCracken, supra [64 Kan. 330, 67 P. 858], the court said:

"To be sure, the mere filing of the petition without being followed by the service of summons in the time specified, would not stay the statute of limitations, as provided in section 20 of the Code."

And in State of Kansas v. Alexander, supra [84 Kan. 393, 114 P. 242], where service was by publication, the court said:

"But such service or publication must be had before the limitation has run, in order to keep the cause of action alive."

■ An analysis of the Kansas decisions leaves no doubt that an action such as this is barred unless commenced by the filing of an action and the issuance of summons and service thereof on the defendant, all within the two-year period, or the issuance and service of an alias summons upon the defendant within sixty days of the expiration of the two-year period where no service was obtained on the original summons.

Our holding here is consistent with what we said in Isaacs v. Jeffers, 144 F.2d 26. The New Mexico Statute of Limitations differs materially from that of Kansas. It required only that the kind of action under consideration there be brought within four years. We held that the time within which the action must be brought or filed to toll the statute of limitations was controlled by New Mexico law, but that the manner in which it was brought or filed was procedural and in the federal court was controlled by its rules of procedure. We accordingly held that since the action in that case was brought within the time fixed by the New Mexico Statute in the manner provided by the Federal Rules of Procedure, the statute was tolled.

■ So, in this case, we must likewise give full effect to the Kansas Statute of Limitations which requires not only that an action be brought within two years, but also that service of summons must be had within that time, or in the case of an alias

---

4 See also Bannister v. Carroll, 43 Kan. 64, 22 P. 1012; Wester v. Long, 63 Kan. 876, 66 P. 1032; Green v. McCracken, 64 Kan. 330, 67 P. 857; State v. Alexander, 84 Kan. 393, 114 P. 241; Brock v. Francis, 89 Kan. 463, 131 P. 1179, 45 L.R.A.,N.S., 756.

summons, within sixty days thereafter, in order to toll the statute. Since this was not done, the action was barred by the Kansas Statute of Limitations.

The judgment of the trial court appealed from in Number 3658 sustaining the motion to quash the original summons is affirmed, and its judgment in Number 3657, overruling the motion for summary judgment by the defendant is reversed, and the cause in this appeal is remanded with directions to sustain the motion for summary judgment. It is so ordered.