## JESTER v. BARRET ET AL.

[No. 21,841.    Filed June 4, 1913.    Rehearing denied
April 1, 1914.]

1. PROCESS.—*Action Against Nonresidents.*—*Substituted Service.*— *Service on Secretary of Domestic Corporation.*— Under §319 Burns 1908, Acts 1893 p. 152, providing that process against a corporation may be served on the president, presiding officer, chairman of the board of trustees, or other chief officer, or, if its chief officer is not found in the county, then on its cashier, secretary, or other specified officers or agents, service of process on the secretary of a corporation is insufficient in the absence of a showing that no higher officer could be found in the county, and consequently such service was invalid as a substituted service on nonresidents of the State for whom the corporation managed an apartment building in the State as an incident of its business. p. 380.

From Superior Court of Tippecanoe County; *James P. Wason*, Special Judge.

Action by Ella M. Jester against the Tippecanoe Loan and Trust Company and others. From a judgment abating the action as to the defendants Henry W. Barret and John W. Barr, Jr., the plaintiff appeals. *Affirmed.*

*George P. Haywood* and *Charles A. Burnett*, for appellant.

*James C. Blacklidge, Conrad Wolf* and *Earl B. Barnes*, for appellees.

MYERS, J.—Appellant filed a complaint November 19, 1906, an amended second paragraph of which is set out in substance in the case of *Tippecanoe Loan, etc., Co.* v. *Jester* (1913), 180 Ind. 357, 101 N. E. 915, against the Tippecanoe Loan and Trust Company and the appellees here, and the elevator boy, upon which a summons was issued to the sheriff of Tippecanoe County, directed against all the defendants, and a return of service made as follows: "Served the within summons as commanded  *  *  *  on the within named defendants Henry W. Barret and John W. Barr,

Jr. by reading the same to and within the hearing of and by leaving a true copy thereof with Samuel C. Moore, Secretary and Treasurer of said Tippecanoe Loan and Trust Company which said company is the agent of said last named defendants, in charge of the business of said defendants in the city of Lafayette, Tippecanoe County, State of Indiana; neither of said last named defendants, and no other agent of said defendants being found within my bailiwick. This 21st day of November 1906. John W. Ray, Sheriff, M. Roseberry Deputy.''

Appellees Barret and Barr filed a plea in abatement, on the ground of want of jurisdiction over their persons, alleging the filing of the complaint November 19, 1906, that they were then and at all times have been residents of Kentucky; that no attempt was made to serve the summons on any other person or persons than Moore, secretary, and no other summons or process was issued in the cause; that the Tippecanoe Loan and Trust Company was acting for and on their behalf, and ''for the sole purpose of renting, and collecting the rents and managing a certain parcel of real estate upon which was a flat building, with power to employ servants about the flat building, including the elevator boy in the building, but the trust company was not the agent of defendants for any other purpose; that Moore was not their agent for any other business or purpose; that the trust company was not authorized to accept or receive service of summons or any other legal process, and especially not authorized to receive or accept service or act for them in this cause; that they did not have an office in Tippecanoe County for the transfer [transaction, ?] of business, and did not have or maintain any agency whatever in Tippecanoe County for the transfer [transaction, ?] of business, and no one was authorized to do business for them except the particular business above set out; that the defendants have not, nor has either of them at any time had, nor do they now have, an office or agency in said county and State

for the transaction of business, and no one is authorized to transact any business for the said defendants, or either of them, other than as above set out; that the said Tippecanoe Loan and Trust Company has never at any time, been the agent or clerk employed in any office or agency of these defendants, or either of them, in said Tippecanoe County, State of Indiana, or in any other county in said State, or elsewhere, and has not, at any time, been authorized to transact business for these defendants, or either of them, except as above set out; that the said Samuel C. Moore has never been at any time, and is not now, the agent or clerk employed in any office or agency of these defendants, or either of them, in said Tippecanoe County, State of Indiana, or in any other county in said State, or elsewhere, and has never been authorized to do any business whatever for these defendants, or either of them, except as above set out; that on said 21st day of November, 1906, the said Tippecanoe Loan and Trust Company was, as these defendants are informed and believe, in charge of an office, controlled solely by the said trust company; that it did not maintain its office as a clerk or employe of any other person or corporation, but acted solely for itself, on behalf of persons having business to do with said corporation; that the trust company was not, at the time said summons was so served, nor has it been at any time in charge of or connected with, in any manner, any office or place of business of these defendants, or either of them, in Tippecanoe County, State of Indiana, for the transaction of business, except to do the business in the manner and as above set out; that the said Samuel C. Moore was not, at the time said summons was so served, nor has he been at any time since, in charge of or connected with, in any manner, any office or agency of these defendants, or either of them, in Tippecanoe County, State of Indiana, for the transaction of business, and has had no authority to transact any business for these defendants, except as above set out; and that, as above alleged, there never has been

any attempt whatever to bring these defendants, or either of them, into the said Superior Court of Tippecanoe County, State of Indiana, in this cause, in any other manner than by the said summons so pretended to be served, as aforesaid, upon the said Samuel C. Moore, secretary of the said Tippecanoe Loan and Trust Company.''

Appellant replied, admitting that this cause was brought on November 19, 1906; ''that said defendants are each nonresidents of the State of Indiana and residents of the state of Kentucky, as alleged in said plea; that the defendants are now and were at the time of the filing of the complaint in this cause, and on the 28th day of December, 1904, and for more than two years prior thereto, the owners of the ground and the building thereon situated known as Columbia Flats, located on the northwest corner of Columbia and Seventh streets, in the city of Lafayette, Tippecanoe County, Indiana; that said building on said 28th day of December, 1904, and for more than two years prior thereto was and ever since has been used and managed as an apartment house by said defendants Barret and Barr, and is and was at all of said times used and occupied by many persons as families and otherwise as tenants of the said defendants Barret and Barr; that the conduct, management and operation of said apartment house by said defendants Barret and Barr is the only business conducted by said defendants Barret and Barr in said Tippecanoe County; that the Tippecanoe Loan and Trust Company is a corporation organized under and by virtue of the laws of the State of Indiana, with its principal office and place of business in the city of Lafayette, Indiana, and was on said 28th day of December, 1904, and for some time prior thereto, ever since has been and is now the agent of the said defendants Barret and Barr in the management, conduct and operation of said apartment house as such, and that as such agent it had the authority and it was its duty to look after and it did look after the repairs of said apartment house, and employ and

discharge the employes employed in and about the conduct and operation of said apartment house, and did employ as elevator boy George Mohr, who was in charge of said elevator in said apartment house on the said 28th day of December, 1904, as alleged in the complaint in this action, and had authority to rent and did rent the different apartments of said apartment house, and collect the rent therefor, and had authority and it was its duty as such agent to do and did do and perform all things necessary for the conduct, management, and operation of said building as such apartment house; that said cause of action in this cause, as alleged in the complaint herein, grew out of the management and conduct of said apartment house as conducted by said agent; that said action is a suit to recover damages for personal injuries received by plaintiff, caused by falling into the shaft of the elevator in said building, on account of the door to said elevator being left open through the negligence and carelessness of said defendants in the operation of said elevator in said building, and without any fault of plaintiff; that said Tippecanoe Loan and Trust Company has an office in the city of Lafayette, and its business is largely that of transacting business as agent for other persons; that as such agent, during all said times, it transacted the business of the said defendants Barret and Barr at its said office in the city of Lafayette, Tippecanoe County, Indiana, and the office or agency of the said defendants Barret and Barr for the transaction of their business by said Tippecanoe Loan and Trust Company in the management, control and operation of said apartment house, as aforesaid, was at the office of said Tippecanoe Loan and Trust Company in said city of Lafayette, and the said office of said Tippecanoe Loan and Trust Company in said city of Lafayette, Tippecanoe County, Indiana, was, at all the times hereinbefore mentioned, the office of the said defendants Barret and Barr, for the transaction of their business in Tippecanoe County, Indiana; that said Moore was on the 28th day of

December, 1904, for a long time prior thereto and ever since has been secretary and treasurer of the Tippecanoe Loan and Trust Company; that when said complaint was filed in said court, as aforesaid, summons was issued thereon by the clerk of said court to the sheriff of Tippecanoe County for service upon each and all of the defendants named in said cause; that neither of said defendants, Barret and Barr, was found by the sheriff of said county within said Tippecanoe County; that neither of said defendants, Barret and Barr, was at said time of the issuing of said summons, or for a long time prior thereto, or at any time since has been within said Tippecanoe County; that the sheriff of said Tippecanoe County, not finding said defendants, or either of them, within said Tippecanoe County, served said summons for said defendants and each of them upon the said Tippecanoe Loan and Trust Company, as the agent for the said defendants Barret and Barr in charge of the said business of said defendants in the city of Lafayette, Tippecanoe County, Indiana, by reading said summons to and within the hearing of and by leaving a true copy thereof with the said Samuel C. Moore, secretary and treasurer of said Tippecanoe Loan and Trust Company. Wherefore,'' etc.

Appellant filed a second paragraph of reply to appellees' plea to the jurisdiction of the court, alleging substantially the same facts as in the first paragraph, except it is alleged that appellees were, during all the time, partners in the conduct of the business of operating the apartment house by and through the trust company, and that it was the only business conducted by them as partners in Tippecanoe County, Indiana.

Appellees' demurrers to the first and second paragraphs of reply, for want of facts, were sustained as to each, and appellant excepted, and elected to stand on the ruling on these demurrers, and judgment was rendered against her in favor of appellees. The action of the court in sustaining the demurrers presents the only question to be determined.

Appellant's position is, that facts are averred bringing appellees within the provisions of §311 Burns 1908, §309 R. S. 1881. It is contended by appellees: (1) that §311, *supra,* is not a service section, but a venue section; (2) that, if it can be considered a service section, service must, in case of an agent corporation, be made in accordance with §319 Burns 1908, Acts 1893 p. 152, by service on the "president, presiding officer," etc., and that service on Moore, secretary, is not service on the corporation in the absence of a showing that the "chief officer" could not be found in the county, and that neither the return nor the reply discloses such fact, hence the service is not good as to any one; (3) that this being an action in tort there could be no agency for the commission of a tort, but agency as such, must arise from contract; (4) that if §311, *supra,* be so construed as to authorize a personal judgment against a nonresident, by service on an agent under that section, it is in violation of §2 of article 4 of the State Constitution, and of the 14th amendment to the Federal Constitution as denying the equal protection of the laws and due process of law, and abridging the privileges and immunities of citizens of the United States.

In view of the conclusions of the court, it becomes unnecessary to consider the question of the constitutionality of §311, *supra,* or to construe it, for the reason that.

1. even if constitutional as to nonresidents of the State, as to which we express no opinion, service was not made in the manner required by §319, *supra.* Mr. Moore, secretary of the trust company, was not a proper person upon whom service could be made without a showing that the "president, presiding officer, chairman of the board of trustees" in the order named in the statute could not be found in the county. If in case of suit against a corporation, service must be made in the order named in the statute, there is quite as much, if not more reason, that if it is to be substituted service, that the statute must be followed, and

such is the requirement as to the corporation itself. *Southern Ind. R. Co.* v. *Indianapolis, etc., R. Co.* (1907), 168 Ind. 360, 364, 81 N. E. 65, 13 L. R. A. (N. S.) 197; *Toledo, etc., R. Co.* v. *Owen* (1873), 43 Ind. 405. The service is shown to be on Mr. Moore, secretary of the company, an officer of the second class, without any showing that no higher officer could be found in the county.

Under the allegations of the answer, the trust company was the agent of appellees for a special purpose. It was not an agent whose business it was to operate appellees' business, but an independent corporation operating an independent business of its own, and as incident to the operation of its business, was agent in the management of the apartment building. Neither was Mr. Moore, as secretary, agent for appellees, but an officer of a corporation, a mere incident of the business of which was to manage appellees' property. If such service, under the return and showing here made, would not be good as to the corporation, it certainly cannot be good service upon it as agent, in the absence of a showing that the other officers or persons on whom service is authorized, could not be found in the county.

The judgment must be affirmed, and it is so ordered.

NOTE.—Reported in 102 N. E. 29. As to service of process upon corporations, see 66 Am. Dec. 119.