## ABRAHAM v. AKRON SAUSAGE CO.

*Summons—Corporations—Sheriff may serve subordinate officers without searching for chief officers—Error proceedings.*

In a proceeding in error, service of summons may be made upon one of the subordinate officers of a defendant corporation if one of its chief officers be not found in the county, and it is not necessary for the sheriff to ascertain and certify that one of its chief officers could not be found in the county.

(Decided November 30, 1926.)

ERROR: Court of Appeals for Summit county.

ON MOTION to quash.

*Messrs. Commins, Browse, Englebeck & McDowell* and *Mr. J. Fred Smith,* for plaintiff in error.
*Mr. Donald Gottwald,* for defendant in error.

PARDEE, P. J. The parties stand in this court as they did in the court of common pleas, in which court the plaintiff recovered a judgment against the defendant. The plaintiff, not being satisfied with the amount of the judgment, and claiming that other errors intervened in the trial in said court which prevented him from having a fair trial, has initiated this proceeding to reverse that judgment.

At the time of filing the petition in error with the clerk of courts, plaintiff filed a praecipe, of which the following is a copy:

"Akron, Ohio, May 6, 1926.
"To the Clerk of Said Court:
"Issue summons in error in the above case to

the sheriff for the Akron Sausage Co., Herman Werner, secretary (serve Herman Werner, secretary, prosecutor's office), returnable according to law. No. of case 1175. Commins, B., E. & McDowell, Attys. for plaintiff in error.''

A summons in error was issued in due form to the sheriff of Summit county, and he made the following return, to-wit:

''On the 7th day of April, 1926, I served this writ on the within named the Akron Sausage Company by delivering a true and certified copy thereof with all the indorsements thereon to Herman Werner, secretary, the president or other officers of said company not found in my county.

> ''Chris Weaver, Sheriff,
> ''By C. Crichton, Deputy.''

It is agreed by the parties that the date April 7th in said return is an error, and the same should be, and may be, changed to May 7.

On the 7th of November, 1926, the defendant filed a written motion making a direct attack on the service upon defendant, of which motion the following is a copy, to-wit:

''Now comes the defendant in error, appearing herein at this time solely for the purpose of this motion, and not intending thereby to submit to the jurisdiction of this court, and moves the court for an order quashing the service of summons heretofore made in this cause and for a further order dismissing the petition in error, filed herein for the following reason, to-wit, that summons in error was not served herein on the defendant in the manner required by law.''

This motion came on for hearing before this court upon oral testimony and the statements of

counsel, from which it appears that one of the attorneys for the plaintiff, after the preparation of the petition in error, presented the same to the attorney who represented the defendant in the lower court, for the purpose of having him waive service of summons and enter the appearance of the defendant. At that time said attorney declined to do so, for the reason, as he then and now states, that he was not then its attorney. The two attorneys at that time had some further discussion about the matter, and the attorney for the defendant company then told the attorney for the plaintiff the names of the officers of the company. The attorney for the plaintiff then called the office of the company on the telephone, and was informed, in answer to his inquiry for the president, that he was not in the city, and the one answering the telephone stated further that he did not know when the president would be back. The attorney for the plaintiff then prepared and filed a praecipe with the clerk, and, after the summons in error was issued, told the deputy sheriff who had the summons to serve that the president of the company was out of town, and that he should serve the secretary of the company, as he was directed to do in the summons, which was accordingly done; the secretary at that time being present in the county courthouse.

The evidence further shows that the president was in town and at the office on May 7th, and that service of a summons could have been made upon him if the deputy sheriff had gone to said office.

A summons in a proceeding in error shall be served "as in the commencement of an action" (Section 12259, General Code), and in an action service of summons upon a corporation is gov-

erned by Section 11288, General Code, which reads, in part:

"A summons against a corporation may be served upon the president, mayor, chairman or president of the board of directors or trustees, or other chief officer; or if its chief officer be not found in the county, upon its cashier, treasurer, secretary, clerk, or managing agent; or, if none of such officers can be found, by a copy left at the office or usual place of business of the corporation with the person having charge thereof   *   *   *."

It will be observed, by an examination of that part of the section quoted, that the same provides for alternative service, first, upon one of the chief officers of a corporation; or, second, upon one of the subordinate officers of the company, if one of its chief officers "be not found in the county"; or, third, "if none of such officers can be found, by a copy left at the office or usual place of business," etc.

The defendant claims that the service of summons as made is null and void, for the reason that it does not affirmatively appear upon the return of the summons as made that the president or other chief officer could not be found, when, as a matter of fact, the president could have been found. In this connection it is well to remember that "There is a substantial difference between defective service and defective return of service. If the service is defective the court acquires no jurisdiction over the person of the defendant and no jurisdiction to make or enter any order, judgment or decree binding upon a defendant defectively served with process, but if the service was in fact duly and legally made, as directed by the statutes of this state, the court

has jurisdiction under the provisions of Section 11363, General Code, to order the return of the officer amended to speak the truth." *Paulin* v. *Sparrow,* 91 Ohio St., 279, at pages 286, 287, 110 N. E., 528, 531.

By the terms of Section 11288, General Code, *supra,* if the chief officer of the corporation be not found in the county, then service of summons may be made upon one of its subordinate officers therein named, and, if none of these can be found in the county, then service may be made upon the one having charge of the office or usual place of business in said county.

The section quoted makes a clear distinction in its phraseology between the words "be not found" and "can be found." The defendant claims that it was the duty of the sheriff to make a search of the county in an effort to find one of the chief officers of the company, and to fail in such search, before he could properly make service upon one of the subordinate officers of the company, and that in this case such effort was not made.

The Legislature evidently recognized that there is little difference, so far as importance is concerned, between the office of president or other chief officer, and the office of secretary or other subordinate officer named in said section, for the purpose of service of summons, and for that reason it did not make it incumbent upon the sheriff to make a search of the county to find a chief officer before he served a subordinate officer.

The object of a summons is to notify the defendant that he has been sued, and, when a summons is served upon the secretary of a corporation, this notice is brought home to the company as forcibly

and just as effectively as if served upon the president. But, when the chief and subordinate officers are not served with a summons for the company, the Legislature must have thought that, before a minor employe is served, who would not realize the importance of being served, an effort should be made by the sheriff to locate one of the chief or subordinate officers of the company, and for that reason used the words "can be found" in such a situation instead of the words "be found," as in the other situation.

We do not believe that the Legislature intended, as claimed by defendant, to impose upon the sheriff the duty as hereinbefore set forth with reference to serving with a summons the chief and subordinate officers of a corporation. Of course, if the sheriff finds a chief officer first, it is his duty to serve such officer, as he then would not have a right to serve a subordinate officer, but we do not think that the wording of the statute requires the construction that the defendant claims. The evidence in this case shows that the sheriff did not find a chief officer of said company before he served a copy of the summons upon one of the subordinate officers, and that therefore the return as made in this case speaks the truth.

The defendant cites and relies upon the decision in the case of *Fee* v. *Big Sand Iron Co.,* 13 Ohio St., 563. The statute when that case was decided was the same as it is now.

The construction upon the first part of this section in that case was entirely unnecessary, as it was not an issue in the case, and, in view of the point decided in the third paragraph of the syllabus, it was entirely unnecessary to make a ruling upon the sufficiency of the service.

We are therefore unanimously of the opinion that a sheriff may serve a summons upon a subordinate officer of a corporation, if he finds one in his county before he finds one of the chief officers of said corporation, and it is not his duty to make a diligent search for one of said chief officers before he is permitted to serve a summons upon one of the subordinate officers named.

The motion of the defendant in error will therefore be denied.

*Motion denied.*

WASHBURN and FUNK, JJ., concur.

---

DICKINSON *v.* THE P. J. HOOKER CO.

*Brokers—Sale of real estate—Time for termination immaterial where notice to broker required—Broker entitled to stipulated commission where owner consummated sale, when.*

1. Where contract for broker's commissions for sale of land was to remain in force until written notice of cancellation, which was not given, precise minimum time named in the contract, after which it could be terminated, is immaterial.
2. Under contract, providing for sale of property for stipulated amount or any price to which owner consented, and for payment of commission to broker if property was sold during life of contract by owner or any other person, broker was entitled to stipulated commission, though property was sold by owner through third party.

(Decided November 22, 1926.)

ERROR: Court of Appeals for Lucas county.