NELSON TRANSFER & STORAGE COMPANY v. C. E. JARRETT *et al.*

(No. 6904)

Submitted January 28, 1931. Decided February 10, 1931.

*Taylor & Taylor,* for plaintiff in error.
*Lively & Stambaugh,* for defendants in error.

MAXWELL, JUDGE:

This writ of error involves review of the refusal of the circuit court of Kanawha County to prohibit the enforcement of an execution for $100.00 with interest from June 4, 1930, and costs, issued by C. E. Jarrett, Esq., a justice of the peace of said county, on a judgment rendered by him on said date in the action of Kanawha-Boone-Logan Bus Company against Nelson Transfer & Storage Company.

The summons in the action before the justice purports to have been executed on the day of its issuance by delivery by a constable of a copy thereof to W. S. Abbott, treasurer and manager of the defendant. The return of the constable was amended by him after the institution of this proceeding in the circuit court, and the amendment of course relates back to the date of service. The copy of the summons served as aforesaid was not signed by the justice, nor did it carry the date of its issuance. In their answer to the petition in prohibition the respondents aver that the summons was duly and legally issued by the justice and regularly served by the constable. In its special replication to said answer the petitioner denies that any summons in said action was ever served on it, and denies further that any summons was ever legally issued therein by the justice. The record herein discloses the fact however that upon receipt by the treasurer and manager of the unsigned and undated copy of the purported summons he forthwith delivered the same to a representative of an insurance company with which the defendant carried protection against such matters as were involved in the suit. The insurance company at once delivered the paper to an attorney with request that he look into the matter. He did so, but did not make any appearance at the trial, and on the

day of the trial he informed counsel for the plaintiff that he would not make appearance. Presumably the reason he did not make appearance was because he considered that the defendant had not been regularly summoned. And so, when execution was issued, he resorted to this proceeding in prohibition to prevent the enforcement of the execution.

Whether the original of the summons had been signed by the justice before its issuance and therefore necessarily before the constable made his return thereon does not affirmatively appear from the record. The constable says that he is unable to say definitely about that matter, but that he assumed that it was regular at the time. The justice did not testify. And though when the prohibition matter came on to be heard, the original summons carried the signature of the justice under date of the 20th of May, 1930, it does not appear from the record whether he signed it on that date or later.

In determining whether an attack upon a judgment is direct or collateral, the basic factor to be considered is whether the proceeding involves a review or annulment of the judgment, or a mere avoidance of its effects, as, for example, by preventing the enforcement of an execution predicated thereon. In the former instance the attack is direct; in the latter, collateral. A judgment debtor's effort to prevent by prohibition the enforcement of an execution against him on the ground of lack of jurisdiction of the justice to enter the judgment which constitutes the basis of the execution, is a collateral attack on the judgment. For full discussion of these matters see Freeman on Judgments, (5th Ed.), Vol. 1, secs. 304-312. While it is a general rule that a collateral attack upon a judgment or a decree is warranted only where the record discloses want of jurisdiction, *Lough* v. *Taylor*, 97 W. Va. 180, it is equally well settled, at least in this state, that prohibition will lie to test the actual jurisdiction of a justice to enter a judgment though the docket entries and papers in the case on their face indicate complete jurisdiction. "A justice's court is not a court of record; the justice is not authorized to certify evidence or sign bills of exceptions. At most his record constitutes only *prima facie* evidence of juris-

dictional and other facts, and the record may be impeached or contradicted.'' *Kohn* v. *Herndon*, 78 W. Va. 650. Our statute, Code 50-6-13, provides that the docket entry of a justice "shall not be conclusive, if errors or omissions be shown." This is an old provision. "The obvious result of this legislation is that the judgment of a justice entered in his docket proves the jurisdictional facts, in the absence of proof of lack thereof. In other words, it is *prima facie* evidence, and the judgment is not void for want of a full recital thereof. But, whether recited or not, the judgment is open to contradiction and impeachment on questions of fact going to the jurisdiction. In this respect, it differs from the judgment of a superior court, which is conclusive, unless the lack of jurisdiction appears on its face, or by matter of record, not contradictory of the judgment itself.'' *State* v. *Emsweller*, 78 W. Va. 214, 223. See also: *State* v. *Trust Co.*, 72 W. Va. 181; *Bumgarner* v. *Bank*, 70 W. Va. 787; *Horner* v. *Huffman*, 52 W. Va. 40, 47.

Upon consideration of the whole record of the proceeding before the justice it appears that, upon institution of suit by the Bus Company against the Transfer and Storage Company, summons was issued on the 20th of May, 1930, returnable the 4th of June, 1930, and placed in the hands of a constable who returned the same on the 20th of May, as executed by delivering a copy thereof to the treasurer and manager of the defendant, and that on the 4th of June, the plaintiff being present and the defendant not appearing, the magistrate heard evidence offered by the plaintiff and rendered judgment in its favor for $100.00 with interest and costs. These proceedings being regular on their face, the burden does not devolve upon the respondents to prove that they were in fact regular. The burden is the other way. It rests upon the petitioner to prove the alleged irregularity. Where the jurisdiction of a justice appears by sufficient evidence or proper averment in his docket, there arises a presumption of law in favor of the correctness of the jurisdictional facts or averments in the record, and the burden of overcoming such presumption rests upon him who attacks the jurisdiction. A justice, who, under his oath of office makes an entry of a

jurisdictional fact in his docket, is entitled to a presumption that he did it truthfully and correctly in the absence of a showing to the contrary. His docket entries are *prima facie* correct. *Ex parte Samuel et al.,* 82 W. Va. 486. Therefore, while it is true that a summons issued by a justice must be signed by him before it will have validity, *Colborn* v. *Booth,* 41 W. Va. 289, yet where the record of the justice shows that summons was regularly issued and returned executed, it will be presumed that the original of the summons was properly signed by the justice, in the absence of proof to the contrary.

It is urged by petitioner that under the rule of *Nuttallburg Co.* v. *Bank,* 89 W. Va. 438, and 106 W. Va. 487, the return of the constable is not a verity; that his return endorsed on the original summons reciting that he served a copy thereof (assuming that the original was properly signed by the justice at the time) is contradicted by the purported copy itself, which, as already stated, is unsigned and undated; and that petitioner may challenge the return. This proposition is not sustained by the *Nuttallburg* case. That case holds that an officer's return of service of process may be attacked where the party affected thereby had no notice of the pendency of the suit, as in that case. In the opinion (89 W. Va. 438) there is clear distinction made between cases where there is no such notice and cases where there is notice in fact, as in this case. In that opinion JUDGE LIVELY very clearly stated: "We have attempted in this opinion to draw a distinction in cases of judgment by default upon no notice either actual, presumptive or constructive; and where there has been notice and a technicality is relied upon, or where the defendant has appeared, and denies service, but has opportunity to defend. In the latter instance we would deny the right to question the return." In the case at bar, as already noted, the unsigned copy of the process, carrying full information as to the parties to the suit, the purpose thereof, and the time and place of trial, was delivered by the constable to an official of the defendant, and he, recognizing that it imported information of consequence, followed what he said was the customary procedure of his company in such matters, that is, he delivered the paper promptly to a representative of the insur-

ance company with which the defendant carried protection. This case involves no surprise as in the Nuttallburg case. There the summons was served on a party who was not at the time in any manner connected with the defendant, and he did not cause the same to be brought to the attention of any representative of the company.

We affirm the circuit court.

*Affirmed.*