THE SUNDAY CREEK COAL CO. *v.* WEST.

(Decided November 29, 1933.)

*Mr. U. S. McGonagle,* for plaintiff in error.
*Mr. Vincent Tague* and *Mr. Richard N. Larrimer,* for defendant in error.

SHERICK, P. J.  James West, an injured employee of the Sunday Creek Coal Company, a self-insurer under the Workmen's Compensation Act, failed before the commission to maintain his claim.  He thereupon, in compliance with Section 1465-90, General Code, perfected an appeal to the Court of Common Pleas of Perry county, that being the county wherein the injury was inflicted.  The petition was filed on July 2, 1932.  A precipe for summons was filed therewith which contained the words "served at its office in Corning, Ohio", which we hold to be surplusage.  On

the same day a summons was issued. The sheriff's return recites the following:

"Received this Writ July 2nd, 1932, at 1:00 o'clock p. m. And on July 9th, 1932, I served the within named The Sunday Creek Coal Company, by leaving a true and duly certified copy of this writ with all the endorsements at the office or usual place of business of said The Sunday Creek Coal Company, in Corning, Perry County, Ohio, with P. K. Gray, he the said P. K. Gray having charge of said office or place of business of said Company in Perry County, there being no President, Mayor, Chairman or President of the Board of Directors, Trustees, Cashier, Treasurer, Secretary, Clerk, or Managing Agent or other chief officers of said The Sunday Creek Coal Company, found in my County.

"[Signed] Clifford Wilson, Sheriff.
"By C. W. Marshall, Deputy."

It is apparent, from the writ's return, that upon its face a proper service had been made upon the defendant company, as provided by Section 11288, General Code.

Thereafter on September 20, 1932, the cause came on for trial. The defendant company did not attend. It had not entered its appearance in court. The cause, however, was submitted to a jury, which returned a verdict in favor of the employee, upon which judgment was entered against the employer.

On October 10, 1932, and within the same term of court, the company filed its motion to vacate the judgment. The reasons assigned are three in number. First, that service of summons was not made upon the defendant as provided by law. Second, that the court had no jurisdiction of the defendant's person. Third, that defendant had never entered its appearance in the cause. This motion was supported by the affidavits

of the president of the company, the sheriff, and his deputy, Marshall.

The motion was not heard until April 14, 1933. The result of such hearing was that the motion was overruled. It is claimed that the court summarily disposed thereof by examination of the sheriff's return and without consideration of the affidavits offered in support of the motion. The record, however, does not show affirmatively that such was the case.

It is from this action of the trial court that error is prosecuted; and the matter all simmers down to the question whether or not there was proper service had upon the defendant company. It is claimed that it had no knowledge of the pendency of the action until the day of trial; that there was not a proper service of summons, and that the company has not had its day in court with opportunity to make its defense to the claim.

It is pointed out by Donahue, J., in *Paulin* v. *Sparrow*, 91 Ohio St., 279, 286, 110 N. E., 528, that: ''There is a substantial difference between defective service and defective return of service. If the service is defective the court acquires no jurisdiction over the person of the defendant and no jurisdiction to make or enter any order, judgment or decree binding upon a defendant defectively served with process, but if the service was in fact duly and legally made   *   *   * the court has jurisdiction   *   *   *   to order the return of the officer amended to speak the truth.''

This authority recognizes that the sheriff's return in either event is not above question, and that it is the court's duty to consider any such proof when offered in a direct attack upon the court's jurisdiction, although such evidence be in contradiction of the record. We have hereinbefore recognized that the sheriff's return is sufficient upon its face. No motion is made to amend the writ, and no counter affidavits are filed combating the proof made by the employer's evidence

offered in support of its motion. We must therefore confine ourselves strictly to a consideration of these affidavits and no other matter outside the record to which our attention has been urged.

Section 11288, General Code, provides that "a summons against a corporation may be served upon the president, * * * or other chief officer; or if its chief officer be not found in the county, upon its cashier, treasurer, secretary, clerk, or managing agent; or, if none of such officers can be found, by a copy left at the office or usual place of business of the corporation with the person having charge thereof." It is therefrom evident that service upon a corporation is to be made upon its chief officers, or, if they be not found in the county, upon its subordinate officers. This portion of the statute, therefore, presupposes that one having authority, that is, a company official, be served; for the reason and purpose of service of summons is to notify an authorized agent of the company that it has been sued. Such an agent is charged with the responsibility of notifying his principal, and notice to him is notice to the company.

The statute, however, goes further and recognizes that an officer may not be found. This should not preclude the assertion and invocation of a remedy. Hence, it was lastly provided that, "if none of such officers can be found", summons may be served "by a copy left at the office or usual place of business of the corporation with the person having charge thereof". In such case the statute casts a duty upon one having charge of the office or usual place of business of the corporation to see to it that his employer receives notice of the summons served. The law recognizes that a corporation cannot escape service by absence of its officers; but it also contemplates that service of summons, wherever possible, should be first made upon an agent duly authorized, that is, an officer of the company, whether chief or subordinate.

Before a sheriff may resort to the manner of service provided in the third provision of this statute he should make reasonable effort to ascertain if an officer "can be found" in the county upon whom service may be made.

The affidavit of the company president states that the company has no office or officers in Perry county, and that P. K. Gray is a pay roll clerk of the company, but that he is not in charge of any place of business of the company in Perry county, or elsewhere. It further avers that the company had no notice of the suit until the day of trial; that it had no opportunity to present a defense to its employee's suit; that it had a place of business in Corning, in Perry county, to wit, a company store, and that one Vernon Dunlap, on July 9, 1932, and prior and subsequent thereto, was the person in charge of such store or place of business.

The affidavit of the sheriff recites in part that he "attempted to hand said summons to P. K. Gray, whom he thought was in charge of said place of business"; that Gray "refused to accept the summons, claiming he had no authority to do so"; that he brought the summons back with him to his office and consulted with plaintiff's counsel, and was advised that Gray had to accept the summons, and to leave the summons in the store, and that his deputy was dispatched to do so. The sheriff further avers that he made no attempt to search for or locate any officer of the company, nor did he attempt to make service upon any person other than Gray, except Mr. Starbuck and Mr. Dunlap.

The deputy's affidavit says that he attempted to serve Gray at the company store, that Gray refused to accept service, that he left the summons on a desk in the store, and that he made no attempt to search for or locate any officer of the company in the county other than Gray.

We are of opinion that under these uncontroverted

facts the sheriff made no effort to make service upon any officer of the company; nor upon any other persons save Gray, Starbuck and Dunlap. He was advised by Gray that he could not accept service. The sheriff could no doubt have learned who was in charge of the company store, or of its mine. This he did not do. We therefore conclude that the first and second provisions of the statute were not complied with, and the service was defective. The judgment must therefore be reversed.

The case of *Abraham* v. *Akron Sausage Co.*, 23 Ohio App., 224, 155 N. E., 254, entertains a like view to the conclusion reached.

The employee admonishes us that he is totally disabled, and that, if we reverse this cause, he will be without compensation or redress. The employer, on the other hand, says that, if the judgment is affirmed, it may be required to pay thousands of dollars upon the judgment obtained should the employee's life extend over a period of years—all without having had its day in court. Both situations would be regrettable if the employee's claim is respectively just or unjust. However, we have a notion that the employee's situation is not as desperate as imagined if his claim be just, for the reason that Section 11233, General Code, provides: "In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff be reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff * * * may commence a new action within one year after such date * * *."

The Supreme Court in *Armbruster, Admr.*, v. *Harrison*, 116 Ohio St., 490, 157 N. E., 391, holds that the sixty-day period provided in Section 11231, General Code, applies by analogy to the requirements of the statutes prescribing a limitation for commencing pro-

ceedings in error. It is equally true if the limitation be prescribed by appeal sections, like Section 1465-90, General Code.

In *Belpash* v. *Emerine*, 119 Ohio St., 226, 162 N. E., 799, is found authority which indicates the employee's further remedy.

What has been said in the last three paragraphs is of course unnecessary for a determination of the question presented. We recognize it as obiter; but it is the view of this court.

*Judgment reversed.*

LEMERT and MONTGOMERY, JJ., concur.