TIOGA COAL CORPORATION *v.* LESTER SILMAN *et al.*

(No. 9349)

Submitted October 20, 1942. Decided November 17, 1942.

*A. N. Breckinridge* and *Phyllis Hart,* for plaintiff in error.

*Wolverton & Callaghan,* for defendants in error.

LOVINS, JUDGE:

The Tioga Coal Corporation applied to the Circuit Court of Nicholas County for a writ in prohibition directed to A. G. Bredon, a justice of the peace of that county, Alfred Bickerstaff and Orval Woods, constables, and Lester Silman prohibiting them from proceeding further in a civil action in which a judgment had been rendered in favor of Silman and against petitioner, and on which judgment execution had issued.

Silman filed his answer to the petition, without issuance of a rule, but the other respondents did not appear. At

the conclusion of a hearing at which testimony was given in support of the petition, the court on motion of Silman denied the prayer of the petition, dismissed the same, and the action of the circuit court is now before us for review on writ of error and supersedeas.

The civil action before the justice was instituted by Silman against B. B. Gainer and the coal corporation, by summons dated October 21, 1941, returnable October 29, 1941, at the office of the justice in Richwood, Beaver District. The summons was placed in the hands of constable Bickerstaff, whose return of service thereon stated that service was had on Gainer in person and on the coal corporation by delivering a true copy thereof to "Mr. Hume, the bookkeeper", on October 22, 1941. On the return day of the summons, there being no appearance by the corporation, the trial of the action was continued at the request of Gainer until November 5, 1941, on which day the justice dismissed the action against Gainer and rendered judgment against the coal corporation for the sum of $82.19 and $3.75 costs, in a hearing held at the office of Gainer's counsel, without appearance by the coal corporation. An execution was issued on the judgment so rendered and delivered to constable Woods, who made no levy thereof, but notified the coal corporation that he was required to do so. In addition to the original return Bickerstaff made an affidavit which stated that he served the summons on the 22nd day of October, 1941, by delivering a true copy thereof in person to Dillard Hume, the bookkeeper of the coal corporation, and that the said Hume resided in Nicholas County.

Prior to the hearing upon the petition for the writ and answer thereto, the circuit court sustained plaintiff in error's motion to quash the return on the summons, with leave to amend, and thereupon counsel for Silman stated that the return would be amended as follows:

"That he served the within summons upon the within named Tioga Coal Corporation, a corporation, in Nicholas County, West Virginia, on the 22nd day of October, 1941, by delivering a true copy thereof in person to Dillard Hume, book-

keeper and agent of the said Tioga Coal Corporation, a corporation, the said Dillard Hume residing in said Nicholas County, and the president, vice-president, treasurer, cashier, or members of the board of directors or other chief officers not being found. Signed, Alfred Bickerstaff, Constable of Nicholas County."

Bickerstaff testified that he is an employee of the coal corporation; that he knew that T. T. Rees was president and R. L. Johnson was secretary of his employer; and that Rees lived on Walnut Street in the town of Richwood. He further testified that in attempting to serve the summons he first went to Rees' office, and, not finding Rees there, then went to the general office of the coal corporation where he saw Johnson, who seemed to be busy; that thereupon, he went to Hume's desk and told Hume that he had some papers for him, placed the summons on the desk, and that Hume looked at the summons. Bickerstaff also testified that he did not know the names of the vice-president or any member of the board of directors of the coal corporation, and that he made no effort to ascertain their identity. Hume denies that he read the summons at the time Bickerstaff left it on his desk, but says that he found it after judgment had been rendered and turned it over to Johnson, who was his superior officer. The secretary of the coal corporation had no knowledge of the pendency of the suit until after the return day of the summons, and the president had no knowledge thereof until twenty-five days after judgment was rendered.

The collateral attack made by this proceeding on the judgment rendered by the justice is grounded upon the failure of the constable to legally serve the summons issued by the justice. Bickerstaff's original return of service of process was insufficient, there being no statement therein that Hume was the bookkeeper of the defendant corporation, nor did the return show that he was in charge of its principal office or place of business. *County Court* v. *Fidelity Co.*, 87 W. Va. 504, 105 S. E. 787. Taking the face of the return, we must rely on implication and inference to say that Hume was the bookkeeper of the coal corporation.

The affidavit of return of service shows that Hume was the bookkeeper of the coal corporation and also that Hume was a resident of Nicholas County. It is no longer necessary in this jurisdiction to show in a return of service the residence of an individual to whom process is delivered commencing a suit against a corporation. *Stout* v. *B. & O. R. R. Co.*, 64 W. Va. 502, 63 S. E. 317, 131 Am. St. Rep. 940.

The amended return would probably be sufficient and operate as if made at the same time as the original return. *McClure-Mabie Lumber Co.* v. *Brooks*, 46 W. Va. 732, 34 S. E. 921. Bickerstaff says he knew the residence of the president of the coal corporation in Nicholas County, yet he looked for Rees only at his office. Moreover, Johnson, secretary of the coal corporation, says he was in his office the greater part of the day on which delivery of the summons was made to Hume, and that the summons was not delivered to him. Bickerstaff says he went to the general offices of the coal corporation and that he saw Johnson there before he left the summons on Hume's desk. It is apparent that the constable had the opportunity to serve the summons in the manner prescribed by Code, 50-3-11. In other words, the constable admits that the secretary of the coal corporation was available for service of the process. In view of the testimony of the constable we are at a loss to understand the recitals of the amended return, wherein the constable stated that other chief officers were not found. The amended return is contrary to admitted facts, and we do not give it credence in so far as it states that the chief officers of the coal corporation were not found.

We do not believe that an officer's return of service of process should be impeached solely by his testimony, but where the testimony of the officer fully corroborates other testimony showing the falsity of the return and lack of reasonable diligence to find the proper individual for service of process, we think that all the evidence should be considered. We are not called upon to close our mind to a fact which is not effectively disputed.

It was the duty of the constable to use reasonable diligence to find and serve in his jurisdiction one of the persons enumerated in Code, 50-3-11 (d) before delivering the summons to the bookkeeper. *Cherry Lake Farms, Inc.* v. *Love,* 129 Fla. 469, 176 So. 486; *Sunday Creek Coal Co.* v. *West,* 47 Ohio App. 537, 192 N. E. 284; *Jester* v. *Barrett,* 181 Ind. 374, 102 N. E. 29. We believe that the requirement of reasonable diligence is implicit in the process issuing from a court of competent jurisdiction, and that in this instance the constable failed to meet it.

There is a difference between defective service of process and a defective return of service: the former is a fact, the latter is evidence thereof. It is the undoubted right, as well as the duty, of an officer who has served process to amend his return of service to conform to the facts of service. *McCormick* v. *Express Co.,* 81 W. Va. 87, 93 S. E. 1048. But an amendment which is in direct conflict with the facts, is ineffective.

Prior to the decision in the case of *Nuttallburg Smokeless Fuel Co.* v. *First National Bank,* 89 W. Va. 438, 109 S. E. 766, the common law rule, which held the return of service of process made by a sheriff sufficient on its face as a verity, obtained in this jurisdiction. This Court in the case of *Stepp* v. *State Road Commissioner,* 108 W. Va. 346, 151 S. E. 180, said; "We were careful to say in the *Nuttallburg* case that the evidence to overthrow an alleged false return should be clear, satisfactory and convincing; and that if the party attacking the return had actual, presumptive or constructive notice of the pendency of the suit against him he could obtain no relief against a default judgment". The same rule applies to a return of service by a constable. *Nelson Transfer & Storage Co.* v. *Jarrett,* 110 W. Va. 97, 157 S. E. 46. See *Lanham* v. *Auto Co.,* 115 W. Va. 415, 176 S. E. 604.

Applying this rule to the facts of this case, it clearly appears that the corporation was not served in the manner required by statute as hereinbefore indicated, and that its officers had no actual presumptive or constructive notice of the pendency of the action before the return day of the summons. Service of process in the manner contem-

plated by well-recognized rules and statutory provisions is indispensable to give a justice of the peace jurisdiction. The justice of the peace had no jurisdiction to render any judgment, and hence the judgment against the coal corporation is void. "Prohibition lies to a justice of the peace to restrain him from proceeding in an action where by reason of want of service or invalidity of service he has not acquired jurisdiction." *Belt* v. *Gandee*, 103 W. Va. 712, 138 S. E. 365, 366.

The procedural requirements for the issuance of a writ of prohibition were not followed, since a rule which takes the place of process in proceedings in prohibition was not issued.

For reasons herein stated we reverse the judgment of the trial court and remand the proceeding, with directions to the trial court that a rule in prohibition issue as to the respondents Bredon, justice, and Bickerstaff and Woods, constables, and that further proceedings be taken in this cause in accordance with the principles stated herein.

*Reversed and remanded with directions.*