Taet, J.
Neither party nor the Court of Appeals raised any question as to the finality and appealability of the order granting the motion to quash. But see 2 Ohio Jurisprudence (2d), 610, Section 43. Hence, in view of the importance of the questions of law argued by the parties and apparently passed upon by the Court of Appeals, a majority of this court may, *404 as it did in Rogers v. Toni Home Permanent Co. (1958), 167 Ohio St., 244, 250, 251, 147 N. E. (2d), 612, 75 A. L. R. (2d), 103, acquiesce in the apparent desire of both parties to this litigation and ignore any procedural questions as to the jurisdiction of the Court of Appeals to review the order of the Common Pleas Court that it affirmed and decide this case on the questions of law argued by the parties and apparently passed upon by the Court of Appeals in its judgment of affirmance. See also Mantho v. Board of Liquor Control (1954), 162 Ohio St., 37, 120 N. E. (2d), 730. But see Cohen v. Karavasales (1960), 171 Ohio St., 46, 167 N. E. (2d), 768.
The order of the Common Pleas Court does not indicate what, if any, evidence was considered by that court when it ruled on the motion to quash. However, in their briefs and arguments before this court both parties concede that five affidavits and the deposition of Griffiths represent all the evidence that was before the Common Pleas Court. Therefore, in deciding this appeal, we will assume that there was no other evidence considered by that court in passing upon the motion to quash. See State, ex rel. Crow, v. Weygandt, C. J. (1959), 170 Ohio St., 81, 162 N. E. (2d), 845, 76 A. L. R. (2d), 1282. Cf. Knowlson v. Bellman (1953), 160 Ohio St., 359, 368, 116 N. E. (2d), 430.
Section 2703.10, Revised Code, which plaintiff contends authorized the service made by the sheriff in the instant case, provides:
“A summons against a corporation may be served upon [1] the president, mayor, chairman or president of the board of directors or trustees, or other chief officer; or [2] if its chief officer is not found in the county, upon its cashier, treasurer, secretary, clerk, or managing agent; or, [3] if none of such officers can be found, by a copy left at the office or the usual place of business of the corporation ivith the person having charge thereof. * * *” (Numbers in brackets and emphasis added.)
As indicated by the bracketed numbers inserted in the above quotation, this statute specifies three alternative methods of serving a corporation with summons. Also, the statutory words apparently express an intention to condition the right to use either the second or the third method.
*405 The return of the sheriff in the instant case was apparently intended to describe service under the second method specified in the statute. Since the petition indicates that-defendant corporation was engaged in operating a shopping center, it is reasonable to infer that the “real estate manager” of such a corporation would be its “managing agent.” Hence, on its face, the return of the sheriff can reasonably be interpreted as describing good service on the defendant.
However, the record establishes without dispute that, although the sheriff did hand to Griffiths the copy of the summons, Griffiths was not the “cashier, treasurer, secretary, clerk, or managing agent” of defendant; and therefore the service made by the sheriff did not represent compliance with the second method of service specified in the statute. Nevertheless, a motion to quash summons should be overruled if it appears that there was a valid service of summons on the defendant, even though it appears that there was no service in the manner stated in the return of the sheriff. Paulin v. Sparrow (1915), 91 Ohio St., 279, paragraph two of the syllabus, 110 N. E., 528. Therefore, if the evidence establishes that, in making service of summons, the sheriff did comply with the third method specified in Section 2703.10, Revised Code, and the service pursuant to that method represented a due and legal service of summons on defendant, then the jurisdiction of the court over the person of the defendant would not be affected by the failure of the sheriff’s return to indicate that defendant had been duly and legally served with summons in accordance with that particular method.
This raises the question whether, in making service, the sheriff did comply with the third method of service on a corporation specified in Section 2703.10, Revised Code.
Admittedly, the record discloses the following facts as of July 9,1959:
1. Defendant had listed in the telephone directory an office at 739 National City Bank Building, Cleveland.
2. B. L. Boykin & Son Company, a partnership, also had its office in the same suite of offices. Its name appeared on the door of that suite followed by defendant’s name and another name.
*406 3. That partnership was under contract with defendant to manage Westgate Shopping Center for defendant.
4. B. L. Boykin and W. J. Boykin, the partners in that partnership, together with Griffiths and two female employees, were the only ones who were in business or employed in that •suite of offices.
5. B. L. Boykin was secretary and treasurer and W. J. Boykin was assistant secretary of defendant.
6. Anthony Visconi was president and Thomas Visconi was vice president of defendant but neither occupied or used the foregoing office suite for their business purposes.
7. On July 9, 1959, apparently during normal business hours, the sheriff personally served Griffiths with a summons against defendant and a copy of the petition in the instant case.
8. At that time, the only persons in that office suite were Griffiths and the two female employees.
9. As between those subordinate employees, Griffiths was the superior.
10. Griffiths held the summons for one of the Boykins to see, and on the day he received it or the next day advised one or both of them about it, and within 48 hours made and sent a photostat copy of the petition to Thomas Visconi.
11. Up to the time of service, neither of the Boykins had been in the office that day and there is no evidence that they came into the office later on that day.
In each of the five affidavits filed by defendant in support of the motion to quash (those of Griffiths and the two Visconis and the two Boykins) it is stated that Griffiths was not “in charge of” any office of defendant. Whether he was at the time he was served with summons against defendant in the instant case is an ultimate question of fact to be determined from the evidence as to what he and others in the office at that time were employed to do, what they were doing at that, time and what responsibilities had been imposed upon them. The only evidence about this is found in Griffiths’ deposition. It is susceptible of no reasonable conclusion other than that Griffiths was in charge of the office when served with the summons against defendant in the instant case.
At a time during normal business hours when there are only *407 subordinate employees in the office of a corporation, the superior of those employees is, within the meaning of Section 2703.10, Eevised Code, “the person having charge thereof” whether or not such person is an employee or an officer of that corporation. Nothing in the statute requires that such person be either an officer or an employee of the corporation served.
It follows that, when the sheriff left the copy of the summons in the instant case with Griffiths on July 9, that copy was “left at the office * * * of the corporation with the person having charge thereof” as contemplated by the words of Section 2703.10, Eevised Code.
Defendant contends further that the sheriff could not serve defendant in that third manner unless the sheriff had first made a reasonable effort to find defendant’s “chief officer * * * cashier, treasurer, secretary, clerk or managing agent” and was unable to find any of them in the county. The statute does provide for such manner of service on a corporation “if none of such officers can be found”; and there are authorities holding or indicating that, under such a statute, a sheriff may not resort to that manner of service on a corporation unless he has made a reasonable effort to ascertain if any “of such officers” can be found in his county. Sunday Creek Coal Co. v. West (1933), 47 Ohio App., 537, 192 N. E., 284; Merchants Transfer & Warehouse Co. v. Ragan (CCA, 10 — 1948), 170 F. (2d), ,987; Hoen v. Atlantic & Pacific Rd. Co. (1877), 64 Mo., 561; Cunningham Commission Co. v. Rorer Mill & Elevator Co. (1909), 25 Okla., 133, 105 P., 676; Boston Acme Mines Development Co. v. Clawson (1925), 66 Utah, 103, 240 P., 165; St. Louis & S. F. R. Co. v. Reed (1916), 59 Okla., 95, 158 P., 399; Tioga Coal Corp. v. Silman (1942), 125 W. Va., 58, 22 S. E. (2d), 873; Collins v. American Spirit Mfg. Co. (CC, Ill. — 1899), 96 F., 133. See Fee v. Big Sand Iron Co. (1862), 13 Ohio St., 563; Abraham v. Akron Sausage Co. (1926), 23 Ohio App., 224, 155 N. E., 254; Cherry Lake Farms, Inc., v. Love, Judge (1937), 129 Fla., 469, 176 So., 486; 19 Corpus Juris. Secundum, 997, Section 1313.
We agree with the statement quoted by defendant from 42 American Jurisprudence, 93, Section 107, that “the fundamental object of all laws relating to the service of process [upon a cor *408 poration] is to give that notice which will in the nature of things most likely bring the attention of the corporation to the commencement of the proceedings against it.” That certainly could be the only legislative object and purpose of making the right to use the third method for service upon a corporation subject to any condition precedent that a reasonable effort be made to serve such corporation pursuant to the first or second method specified in Section 2703.10, Revised Code. The General Assembly undoubtedly believed that service of summons pursuant to either the first or second method would be more likely to bring the attention of the corporation to the commencement of the legal proceedings against it than would service pursuant to the third method. However, where use of that third method has, as in the instant case, admittedly and promptly brought the attention of the corporation to the commencement of the proceedings against it, how would a refusal to recognize the validity of such service because of failure to comply with that condition precedent be helpful in any way in accomplishing either the object or purpose of the General Assembly in providing for such condition precedent? Cf. Sours v. State (1961), ante, 242.
As for the hereinbefore-cited cases holding or indicating that the right to effect service under the third method specified in Section 2703.10, Revised Code, is subject to the condition precedent that reasonable efforts be previously made to effect service under the first and second methods, several involved default judgments where the defendants never were notified in time to defend. In those cases where the service pursuant to the third method did promptly bring the defendant corporation’s attention to the legal proceedings against it, consideration usually was not given to the effect of such prompt notice on the right of the corporate defendant to contest the validity of the service on it. Cf. Tioga Coal Corp. v. Silman, supra (125 W. Va., 58), indicating that, if the corporate defendant had prompt notice of the legal proceedings against it, it could not contest the validity of service.
It may be that failure, to comply with such condition precedent should have the effect of invalidating service of summons *409 on a Corporation under the third method specified in Section 2703.10, Eevised Code, where the evidence raises a question of fact as to whether the attention of the corporation was promptly brought to the commencement of the proceedings against it. Perhaps, in such an instance, the corporation should not be required to run the risk of an adverse finding against it on that question of fact. However, it is our conclusion that, even if the sheriff made no reasonable effort to find the chief officer, cashier, treasurer, secretary, clerk or managing agent of a corporation before leaving a copy of a summons against such corporation at the office of the corporation with the person having charge thereof, if it is admitted or if there can be no reasonable conclusion from the evidence but that such person did bring that summons promptly to the attention of the chief officer of such corporation prior to the return day of that summons, a motion to quash such summons should be overruled.
We believe that this conclusion is supported by Section 1.11, Revised Code[1], and Section 2309.59, Eevised Code[2]. See Meisse v. McCoy’s Admr. (1867), 17 Ohio St., 225. See also Maloney v. Callahan (1933), 127 Ohio St., 387, 188 N. E., 656; A. C. Scagnetti & Sons, Inc., v. Pfeister (1961), ante, 260; Burton v. Buckeye Ins. Co. (1875), 26 Ohio St., 467; State, ex rel. American Union Telegraph Co., v. Bell Telephone Co. (1880), 36 Ohio St., 296, 38 Am. Rep., 583; Nelson Transfer & Storage Co. v. Jarrett (1931), 110 W. Va., 97, 157 S. E., 46; Lanham v. Home Auto Co. (1934), 115 W. Va., 415, 176 S. E., 604; Olsen v. Jacklowitz (App. Div.-1936), 285 N. Y. Supp., 698.
Defendant relies upon our recent decisions in Juhasz v. Corson (1960), 171 Ohio St., 218, 168 N. E. (2d), 491, and Bobo v. Bell (1960), 171 Ohio St., 311, 170 N. E. (2d), 730. Those cases *410 involved service under Section 2703.13, Revised Code, which reads:
“When the defendant is a minor the service * * * must1 be upon him, and also upon his * * * father * * #. * * * service * * * shall be made on such persons in the order named * * V’ (Emphasis added.)
There are no such mandatory words in Section 2703.10, Revised Code. To hold the service involved in the instant case invalid would be to exhalt form over substance where the language of the statute specifically involved does not require us to do so and other applicable general statutory pronouncements warn us against doing that.
The judgment of the Court of Appeals is reversed and the cause is remanded to the Common Pleas Court for further proceedings.

Judgment reversed.

Weygandt, C. J., Zimmerman, Bell, Radcliee and O’Neill, JJ., concur.
Radcliee, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.

 ‘Remedial laws and all proceedings under them shall be liberally construed in order to promote their object and assist the parties in obtaining justice. The rule of the common law that statutes in derogation of the common law must be strictly construed has no application to remedial laws.”

 ‘In every stage of an action, the court must disregard any error or defect in the * * * proceedings which does not affect the substantial rights of the adverse party.”